202 N.J. Super. 502 (1985)
495 A.2d 467
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STACY PYRON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 4, 1985.
Decided July 17, 1985.
*503 Before PRESSLER, BRODY and COHEN, JJ.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Larry Plummer, Assistant Deputy Public Defender, of counsel and on the letter brief).
Larry J. McClure, Bergen County Prosecutor, attorney for respondent (Ulrike M. Ziebarth, Assistant Bergen County Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
A jury found that defendant forced his way into the apartment of a 68-year-old woman, gagged her, handcuffed her, forced her to lie down, threatened to kill her if she screamed, and then proceeded to steal her property. After he left, she went to a neighbor's apartment and summoned the police who removed the handcuffs. A witness had earlier seen defendant acting suspiciously in the parking lot of the apartment complex and memorized the license number of his automobile. The witness's information led to defendant's arrest and the present prosecution. The victim and the witness identified defendant from a photographic lineup and also identified him in court.
The jury found defendant guilty of the four crimes with which he was charged: burglary (N.J.S.A. 2C:18-2(a)(1)), robbery based on threats of immediate bodily injury (N.J.S.A. 2C:15-1(a)(2)), criminal restraint based on holding another in involuntary servitude (N.J.S.A. 2C:13-2(b)), and threatening to kill (N.J.S.A. 2C:12-3(b)). The judge merged the burglary and criminal restraint into the robbery. He sentenced defendant to 10-years imprisonment with 5-years parole ineligibility for the *504 robbery and a consecutive 5-year prison term for the terroristic threat.
Defendant argues that the photographic lineup was impermissibly suggestive, that the terroristic threat offense should merge into the robbery and that the sentence is manifestly excessive. We affirm the trial court's admission of the out-of-court identification because his ruling is supported in the record of the Wade hearing. State v. Mars, 107 N.J. Super. 36, 40 (App.Div. 1969), certif. den., 55 N.J. 319 (1970).
The judge erred in merging third-degree burglary with second-degree robbery and in not merging third-degree threat to kill with the robbery.
An essential element of N.J.S.A. 2C:18-2(a)(1) burglary is unlawfully entering a structure for the purpose of commiting an offense once inside. The crime is complete upon entry. If in addition to the hostile entry, the intended offense is committed, the offense itself is separately punishable. Pre-Code breaking and entering with the intent to commit a felony, N.J.S.A. 2A:94-1, was an offense separate and distinct from the subsequent felony and they did not merge. State v. Vassalluzzo, 113 N.J. Super. 140, 141-142 (App.Div. 1971), supplemented, 114 N.J. Super. 153 (App.Div. 1971), aff'd o.b., 58 N.J. 227 (1971).
The Criminal Law Revision Commission, viewing burglary as essentially an attempt to commit the ultimate offense intended, recommended narrowing the definition of the crime. II Final Report of the New Jersey Criminal Law Revision Commission: Commentary 209-211 (1971). Consistent with that recommendation, section 2C:18-2(c) of the Report provided:
A person may not be convicted both for burglary and for the offense which it was his purpose to commit after the burglarious entry or for an attempt to commit that offense.
The Legislature ultimately rejected the Commission's definition of burglary, L. 1980, c. 112, and never adopted its section 2C:18-2(c). The definition of burglary in N.J.S.A. 2C:18-2(a)(1) is sufficiently similar to what had been the definition of breaking and entering that we must follow the pre-Code holding that *505 there is no merger. See N.J.S.A. 2C:1-1(e). The jury found defendant guilty of burglary and, because it does not merge, defendant must still be sentenced for that crime.
Defendant was charged and found guilty of a theft that is raised to robbery because he "[t]hreaten[ed] another with or purposely put him in fear of immediate bodily injury" in the course of committing the theft. N.J.S.A. 2C:15-1(a)(2). Defendant's conditional threat to kill if the victim refused to submit to the robbery was incidental to this kind of robbery, not a separate offense, and it should merge. See State v. Hill, 44 N.J. Super. 110, 112-113 (App.Div. 1957).
Assuming that the trial judge will impose no greater sentence for the third-degree burglary than the sentence he imposed for the third-degree terroristic threat, we are satisfied that an aggregate sentence of 15 years with 5-years parole ineligibility falls within the guidelines of the Code given the sentencing factors applicable to these offenses and this defendant. State v. Roth, 95 N.J. 334, 365-366 (1984).
We modify the sentence by vacating the sentence for terroristic threats and remand to the trial judge to sentence for burglary. The judgment is otherwise affirmed. We do not retain jurisdiction.