214 N.J. Super. 457 (1986)
519 A.2d 937
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD C. MOSCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 14, 1986.
Decided December 31, 1986.
*460 Before Judges MORTON I. GREENBERG, R.S. COHEN and GRUCCIO.
Weiner, Staubach & Hopmayer, attorneys for appellant (Ronald A. Cohen, on the brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Kenneth M. Denti, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by: GRUCCIO, J.A.D.
Following a jury trial, defendant Edward C. Mosch was convicted of third degree sexual contact, N.J.S.A. 2C:14-3a (count one); third degree burglary, N.J.S.A. 2C:18-2 (count two), and third degree terroristic threats, N.J.S.A. 2C:12-3b (count three). He was sentenced to a five-year term on count one; a consecutive five-year term on count two, and a five-year term on count three to run concurrently with the sentence for count two. A seven-and-one-half-year period of parole ineligibility was imposed, as well as a $75 Violent Crimes Compensation Board penalty.
On appeal defendant contends that:

*461 1. The court's failure to charge the jury with respect to the issue of identification requires reversal of the conviction of defendant in the interest of justice.
2. The sentence imposed upon defendant was improper and must be modified by the reviewing court. (A) The sentence imposed was illegal with respect to the term of parole ineligibility in that the trial court failed to recite those aggravating and mitigating factors which caused the sentence to be imposed. (B) The trial court failed to separately state its reasons for imposing consecutive sentences in its decision.
3. A. Defense counsel's failure to call or subpoena alibi witnesses on behalf of appellant constituted ineffective assistance of counsel.
B. Counsel was not provided sufficient time to properly prepare his defense.
4. The out-of-court identification of defendant-appellant was so suggestive as to amount to a denial of due process.
According to State's evidence, in the early morning hours of July 9, 1984, defendant burglarized D.D.'s apartment by cutting a window screen. After taking $50 from her purse, which was on her desk, defendant ransacked D.D.'s dresser drawers in search of pantyhose with which he would make a head mask. Defendant then proceeded to D.D.'s bedroom and, at approximately 4:00 a.m., she was awakened by defendant touching her genital area. Startled, she sat upright and defendant, who was wearing the pantyhose taken from her dresser as a head mask, said, "If you scream, I'm going to kill you." When D.D. did begin to scream, defendant ran out of her apartment.
We have considered the contentions raised in light of the record and the controlling legal principles and conclude that all issues raised, with the exception of point two, are clearly without merit. R. 2:11-3(e)(2). Under the second point heading, defendant contends that his sentence was improper since the court did not recite in the record the aggravating and mitigating factors it considered when imposing the sentence, and further that the court failed to state its reasons for imposing a consecutive sentence.
The standards for appellate review of sentencing decisions under the Code of Criminal Justice are set forth in State v. Roth, 95 N.J. 334 (1984) and State v. Hodge, 95 N.J. 369 (1984). The reviewing court must ascertain whether the correct *462 sentencing guidelines have been followed, whether there is substantial evidence in the record to support the findings of fact upon which the sentencing court based the application of the guidelines and whether in applying those guidelines to the relevant facts the trial court clearly erred by reaching a conclusion that reasonably could not have been made upon a weighing of the relevant factors, i.e., that the sentence shocks the judicial conscience. Roth, supra, at 364-365.
Our Criminal Code resembles a model for sentencing based on the notion of proportionality and desert, State v. Yarbough, 100 N.J. 627, 635 (1985), cert. den. ___ U.S. ___, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), and thus does not focus on rehabilitation, but is offense-oriented. State v. Hodge, 95 N.J. 369, 375 (1984). The Code requires the sentencing court to look at the individual offender in balancing the defined aggravating and mitigating factors, including defendant's prior record and the likelihood of further criminal conduct, to determine the range of the sentence or whether a parole disqualifier is warranted. Yarbough, supra, 100 N.J. at 636. See also N.J.S.A. 2C:43-6a and b; N.J.S.A. 2C:44-1.
However, the Code does not set forth specific standards to guide sentencing courts when imposing sentences for imprisonment for more than one offense, except to say that "multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence." Yarbough, supra, at 636. See also N.J.S.A. 2C:44-5a. Indeed, offenders who are to be sentenced at one time for multiple convictions present the just deserts sentencing system with thorny issues. Yarbough, supra, at 638 citing, Raymar, "Criminal Dispositions for New Jersey: Pretrial Intervention, The Model Penal Code, and Just Deserts," 8 Seton Hall. 1, 55 (1976).
In this case, we are presented with the problem of multiple convictions arising from one incident involving one victim but which is comprised of distinct and dissimilar offenses. See, Raymar, supra, at 55. Clearly, the burglary offense is distinct *463 and dissimilar to the sexual offense. Once defendant entered D.D.'s apartment through a window, with the intent to commit a crime inside, the crime of burglary was complete. Defendant could have fled the apartment with doing nothing more than having entered and still be convicted of burglary. However, defendant purposely proceeded to D.D.'s bedroom to commit the third degree crime of sexual contact contrary to N.J.S.A. 2C:14-3a. Indeed, defendant could have been charged and convicted for this sexual offense had it been committed without his first breaking and entering D.D.'s apartment.
We first point out that although the trial judge did not orally state the aggravating factors during sentencing, the judgment of conviction and order for commitment, which is dated the same day sentencing occurred, clearly sets forth the aggravating circumstances as follows:
(1) The nature and circumstances of the offense and the role of defendant therein; (2) The gravity and seriousness of the harm inflicted on the victim; (3) The risk that defendant will commit another offense; (4) A lesser sentence would depreciate the seriousness of the defendant's offense; (5) The extent of defendant's prior criminal record and the seriousness of the offense of which he has been convicted; and (6) The need for deterring defendant and others from violating the law.
The court found no mitigating circumstances to be present. We must note, however, that point (4) above was incorrectly cited here as an aggravating circumstance in that that section deals with a violation of public trust under Chapters 27 and 30 or a breach of a position of trust or confidence. Clearly, that section is inapplicable here and we have excluded it from our consideration. In light of the numerous other aggravating factors, and finding of no mitigating factor, we conclude the trial court fully complied with N.J.S.A. 2C:44-1.
We recognize that defendant's sentence as to the sexual offense is proper in that defendant has been classified as a repetitive sex offender and did not refute or challenge in any way the findings and conclusions of the Adult Diagnostic and Treatment Center. Consequently, N.J.S.A. 2C:14-6 mandates a minimum five-year term with no eligibility for parole.
*464 We further recognize the importance of the sentencing court's awareness that "though a defendant's conduct may have constituted multiple offenses, the sentencing phase concerns disposition of a single, not a multiple, human being." Yarbough, supra, at 646 citing State v. Cloutier, 268 Or. 579, 596 P.2d 1278 (1979). Likewise, in molding a consecutive sentence, a court will make an overall evaluation of the punishment for the several offenses involved, State v. Rodriguez, 97 N.J. 263, 274 (1974), while being conscious of the fact that its goal is not to find the maximum possible period of incarceration for a convicted defendant. Yarbough, supra, 100 N.J. at 646 citing People v. Price, 151 Cal. App.3d 803, 822, 199 Cal. Rptr. 99, 109 (1984).
Consecutive sentencing may be an appropriate means to protect society from those who are unwilling to lead a productive life and resort to criminal activity in furtherance of their anti-societal lifestyle. Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). See also State v. Maxey, 42 N.J. 62, 64-66 (1964); Matter of Kershner, 17 N.J. Super. 30, 32 (1951), aff'd 9 N.J. 471, 44, 73 S.Ct. 59, 97 L.Ed. 656 (1952); State v. Vance, 112 N.J. Super. 479, 481 (App.Div. 1970). Sometimes circumstances will indicate that defendant is the type of repetitive offender not likely to be rehabilitated and, therefore, should be incarcerated under consecutive sentences for the protection of the public. Gray, supra, at 393. Such is the situation here. Although defendant's prior record indicates he has been arrested and convicted on numerous occasions between 1968 and 1984 for juvenile, disorderly and various criminal offenses, as of the time the presentence report was prepared, he had spent only 5 days in jail. Defendant himself revealed that he had raped three women prior to being convicted and sentenced to Avenel in 1978, and that his method was always the same  he planned his attacks, waited for the woman to be alone and then broke into her dwelling via a window. More significantly, however, during the presentence interview when asked whether he was capable of raping again, defendant stated that given the right *465 circumstance, rape would be the first thought to enter his mind. Likewise, during allocution defendant stated that he participated in the Avenel program and felt that "I have helped myself all I can." Clearly, defendant is the type of offender for whom consecutive sentencing was intended.
The criteria set forth by the New Jersey Supreme Court to be used when imposing consecutive sentences include that:
(1) There can be no free crimes in a system for which the punishment shall fit the crime; (2) The reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision; .... (6) There should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest term that could be imposed for the two most serious offenses. [Yarbough, supra, [100 N.J.] at 643-644.]
Clearly, the two crimes for which defendant was convicted involve separate and distinct elements which do not merge. See State v. Best, 70 N.J. 56, 69-70 (1976). See also State v. Davis, 68 N.J. 69, 78 (1975); State v. Cooper, 211 N.J. Super. 1, 22 (App.Div. 1986). The first guideline the court set forth in Yarbough, supra, is that there shall be "no free crimes" in a system where the punishment shall fit the crime. In other words, the punishment must fit the crime, not the criminal. Hodge, supra, 95 N.J. at 376. The Criminal Code specifically requires an inexorable focus upon the offense when formulating a sentence. Roth, supra, 95 N.J. at 367; Hodge, supra, 95 N.J. at 377. The sentence imposed must reflect the legislature's intention to emphasize the degree of the crime itself. Id. at 377. Any punishment creates some type of hardship; indeed that is the purpose of punishment. Hence, the "no free crimes" criteria of Yarbough, supra, is satisfied by defendant's consecutive sentence.
Yarbough, supra, is not intended to trammel all consecutive sentences. To the contrary, Yarbough is a guide for cases that ordinarily come before the court for sentencing. Indeed, where appropriate, Yarbough allows for consecutive sentences; however, the court must clearly state its reasoning for imposing a consecutive sentence. Id. 100 N.J. at 643. See *466 State v. Jones, 66 N.J. 563, 567 (1975). Our law recognizes that a sentencing court should consider all relevant circumstances and factors in fixing the terms and conditions of a sentence. State v. Bausch, 83 N.J. 425, 433 (1980). As a result, the court may look not only to the separate, distinct and dissimilar nature of the offenses for which a defendant is convicted, but may also consider the relevant aggravating and mitigating circumstances. Here, the trial judge clearly in his statement of reasons demonstrated that he did consider all the relevant circumstances before him, including defendant's criminal background, the severity of these particular offenses in light of the injuries suffered by defendant's victim, the need to deter defendant in the future since he, himself, admitted being capable of raping again, and the fact that the court was "clearly convinced" that the aggravating factors substantially outweighed any mitigating factors "that may be found." Thus, we find the trial judge did not abuse his discretion and was entirely correct in imposing a consecutive sentence here. Furthermore, we point out that defendant's consecutive sentence does not "exceed the sum of the longest term that could be imposed for the two most serious offenses." Yarbough, supra, 100 N.J. at 644.
The scales of justice remind us that the public as well as this victim have a right to feel safe when alone in their own homes. Since the incident here occurred, D.D. has been afraid to leave her apartment, afraid to be left alone and, even worse, afraid to walk around her own apartment. Each and every one of us has the fundamental right to be left alone. Our right to privacy is one of the most protected of our natural rights, having its origin in natural law, and protected by both state and federal constitutions. See U.S. Const., Preamble; N.J. Const. (1947), Art. I, ¶ 1.
Defendant here is an admitted habitual offender from whom the public must be protected. Hopefully, the justice system can deter defendant's criminal activities by giving him the opportunity to contemplate what our Supreme Court meant by "no free crimes." Perhaps defendant would have us believe that he did *467 not injure his victim and hence, he should not have been sentenced at the higher end of the statutory limit. However, the psychological and emotional trauma defendant inflicted upon D.D. in this burglary and sexual assault has indeed caused her much greater damage than a physical injury, such as a broken arm or a leg, since psychological scars incurred in a situation such as this may never heal.
We add only that since our system is one in which "the punishment shall fit the crime," and defendant apparently has had his share of "free crimes"; it is now time for defendant to receive his just desert.
Affirmed.