259 N.J. Super. 569 (1992)
614 A.2d 659
STATE OF NEW JERSEY, PLAINTIFF,
v.
CRAIG RODERICK BENFORD, DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided September 30, 1992.
*570 Nicholas L. Bissell, Jr., Prosecutor of Somerset County, A. Peter DeMarco, Deputy First Assistant Prosecutor, appearing for the State.
William J. Bizub, Deputy Public Defender of Somerset County, Anthony J. Mignella, Assistant Deputy Public Defender, appearing for the Defendant.

OPINION
IMBRIANI, P.J.Cr.
This case presents the novel question of whether a defendant may be convicted of burglary of an automobile if his intent at the time of the entry into an automobile was to commit only the disorderly persons offense of joyriding.
*571 Early one cold morning, on January 27, 1992, three North Plainfield residents decided to warm up their automobiles while they prepared to go to work. The automobiles, each parked in their separate driveways, were started, left running, unattended and unlocked, while their respective owners returned to their residences to complete breakfast. At the same time the defendant, while under the influence of cocaine, was sauntering down the street when he saw the first car, got in and drove off. A block or two later he saw the second car which looked more appealing, so he left the first car at the curb and drove off with the second car. A block or two later the same events occurred and he drove off with the third car, which he also left at the curb about two blocks away. The entire sequence of events could not have taken more than fifteen minutes. Would a finding by the triers of the facts that when the defendant entered each automobile he intended to commit only the offense of joyriding, and not automobile theft, support automobile burglary convictions?
In answering this question we must construe language in N.J.S.A 2C:18-2 entitled "Burglary" and N.J.S.A. 2C:20-10 entitled "Unlawful Taking of Means of Conveyance" (hereinafter "joyriding") and reconcile what appears to be a conflict in the legislative purpose underlying each statute.
It is indisputable that the purpose of the Legislature in making joyriding a disorderly persons offense punishable with a maximum jail sentence of only six months was to treat it less harshly than a crime. However, the commission of the offense of joyriding must be preceded by an entry into an automobile and, if this conduct also constitutes burglary, the defendant has committed not only the offense of joyriding but the more serious third degree offense of burglary which is punishable by up to five years in prison and a possible 2 1/2 year parole disqualifier. As a consequence, the legislative intent to treat joyriding as a disorderly persons offense could be thwarted by simply charging the defendant with third degree burglary. The *572 ultimate charge is apparently left to the unbridled discretion of the Prosecutor.
The burglary statute reads in pertinent part as follows:
a. Burglary defined. A person is guilty of burglary if, with purpose to commit an offense therein he:
(1) Enters a structure ...
* * * * * * * *
b. Grading ... burglary is a crime of the third degree.
N.J.S.A. 2C:18-2. (emphasis added). A "structure" is defined to include a "car", N.J.S.A. 2C:18-1, and an "offense" is defined to include "a disorderly persons offense". N.J.S.A. 2C:1-14k.
Joyriding, a lesser included offense of theft of an automobile, State v. Dandy, 243 N.J. Super. 62, 64-65, 578 A.2d 881 (App. Div. 1990), is defined as follows:
a. A person commits a disorderly persons offense if, with purpose to withhold temporarily from the owner, he takes, operates or exercises control over any means of conveyance without consent of the owner.
N.J.S.A. 2C:20-10. (emphasis added). The fundamental difference between joyriding and theft is that theft requires an intent to permanently deprive another of his property, while joyriding requires only a temporary withholding. Although not the issue now before this court, we would observe that even if we were dealing with the more serious charge of theft one commentator has noted that no New Jersey court has yet ruled that "if a person breaks into a car with purpose only to steal the car, he may be convicted of both burglary and attempted theft of the car". Cannel, New Jersey Criminal Code Annotated, comment 7 on N.J.S.A. 2C:18-2 (1992-1993).
A literal reading of the burglary statute indicates that a conviction can be sustained when a defendant enters an automobile to commit the offense of joyriding. However, the defendant urges two reasons to hold otherwise. First, to do so would thwart the obvious intention of the Legislature to treat joyriding less harshly than burglary. Secondly, burglary occurs only if the intent of the defendant when he enters an *573 automobile is to commit an offense "therein" and, if he steals or goes joyriding with the automobile itself, this does not constitute an offense committed "therein".[1]
The intent of the Legislature is one of statutory interpretation and interpretations which lead to absurd or unreasonable results are to be avoided. David v. Heil, 132 N.J. Super. 283, 333 A.2d 537 (App.Div. 1975), aff'd 68 N.J. 423, 346 A.2d 405 (1975). Statutes must be read sensibly rather than literally. Where a conflict appears from a facial reading of different statutes, the controlling legislative intent must be presumed to be consonant with reason and common sense. In re the Summit & Elizabeth Trust Co., 111 N.J. Super. 154, 268 A.2d 21 (App.Div. 1970).
The only New Jersey cases which have dealt with this question do not provide definitive interpretive guidance. Kaplowitz v. State Farm Mutual Automobile Ins. Co., 201 N.J. Super. 593, 493 A.2d 637 (Law Div. 1985) involved an issue of PIP benefits. The court had to determine whether plaintiff's injuries were sustained while he was committing a high misdemeanor or felony; if so, coverage is denied. See N.J.S.A. 39:6A-7a(1). A high misdemeanor embraces the third degree offense of burglary but not the disorderly persons offense of joyriding. See N.J.S.A. 2C:1-4(d). Kaplowitz was a juvenile who entered an automobile, removed the ignition key from the glove compartment and went for a ride. He lost control of the car and crashed into a tree. Id. at 596, 493 A.2d 637. The court stated, without discussion, that entering the automobile constituted burglary, but the accident, which was two hours later, occurred while plaintiff was joyriding. Therefore, he was entitled to PIP benefits. The court obviously concluded, albeit without discussion, that a burglary had occurred but it did not address what *574 was the intent of Kaplowitz when he entered the automobile, i.e., was it to steal or go joyriding? Id. at 600, 493 A.2d 637.
In State v. Subin, 222 N.J. Super. 227, 536 A.2d 758 (App.Div. 1988) the defendant entered a van to search for a gas can because his automobile had run out of gas. Once inside the van he took a jacket and admitted to unsuccessfully searching for keys to steal the van. Id. at 235-236, 536 A.2d 758. The defendant was charged with burglary and attempted theft of the van. He argued that he could not be convicted of burglary because the "structure" entered was the automobile he attempted to steal and he did not intend to commit an offense "therein". The court said:
[w]e hold that burglary and attempted theft by an unlawful taking are separate and distinct offenses even though the "structure" broken into is also the "movable property" attempted to be stolen.
Id. at 236, 536 A.2d 758. This case is distinguishable because the facts clearly indicate that when the defendant entered the van he intended to steal a gas can, not to steal the van or go joyriding. Indeed, there was no charge of joyriding.
Our research reveals only one case in this country which dealt with a similar situation where the intent of the defendant when he entered the automobile was to commit the offense of joyriding. State v. Harley, 362 So.2d 379 (Fla.App. 1978) held that a defendant could be convicted of burglary of an automobile even though when he entered his intention was the unauthorized temporary use of the same automobile. The court relied on State v. Dalby, 361 So.2d 215 (Fla.App. 1978) which upheld a burglary conviction where the offense committed by the defendant was theft of the same automobile. The court reasoned that for purposes of the burglary statute there is no difference between an intent to steal or temporarily use an automobile. Harley, 362 So.2d at 380. In Dalby the defendant unsuccessfully argued that theft of the automobile was not an offense committed "within" the conveyance. Dalby, 361 So.2d at 216.
*575 However, State v. Stephens, 586 So.2d 1073 (Fla.App. 1991), rejected the rational of Dalby in a five to four decision and held that theft of an automobile is not an offense committed "within" the automobile and, therefore, could not be used to sustain a charge of burglary. If the court were to hold otherwise:
[a] person who steals a car by driving away after the owner leaves the key in the ignition is guilty of two felonies (grand theft and burglary), whereas a person who steals that same car by towing it away with a wrecker is guilty of only grand theft. Surely, that bizarre result was not intended by the legislature.
Id. at 1075. However, the Florida Supreme Court found nothing "bizarre" about such a result and reversed. 601 So.2d 1195 (1992). The court reasoned that the requirement that the defendant enter a structure "with the intent to commit an offense therein" refers to the common English usage of the word "therein" which means "[i]n that place. American Heritage Dictionary 1261 (2d Ed. 1985)." Id. at 1196. The court said that:
two separate evils involving two distinct temporal events are involved in the typical auto theft. Nothing in our law prohibits the charging of both offenses merely because both often occur within a single transaction.
Id. at 1196. However, here again, the underlying offense to sustain the charge of burglary was the crime of theft, not the lesser disorderly persons offense of joyriding.
Illinois is the only other jurisdiction which we found to have addressed this issue. Similar to Florida, the Illinois courts have held that an intent to permanently steal an automobile will sustain a charge of burglary of the automobile. See People v. Steppan, 105 Ill.2d 310, 85 Ill.Dec. 495, 473 N.E.2d 1300 (1985); People v. Buckner, 203 Ill. App.3d 525, 149 Ill.Dec. 57, 561 N.E.2d 335 (4th Dist. 1990). We found no Illinois case that dealt with the offense of joyriding.
The court's task is to read statutes sensibly and fashion a result which will fairly reflect the legislative purpose. If we hold that there is no conflict in these statutes and the offense of joyriding is sufficient to sustain a charge of burglary of that same automobile, it is clear that for all intents and purposes the *576 joyriding statute will be effectively nullified and the legislative purpose will be thwarted.
Our task is to ascertain the probable intent of the Legislature and attain the objects and purposes it sought. In other words what would the drafters of these statutes do if called upon to resolve the conflict? This philosophy was recently discussed In the Matter of the Estate of George V. Branigan, Deceased, 129 N.J. 324, 609 A.2d 431 (1992) which held that where circumstances have changed after a will has been executed the language of the will should be construed by placing primary emphasis on the dominant plan or purpose of the testator to effectuate his intent, even if this conflicts with the plain language of the will. Over the years there has evolved a doctrine of probable intent which permits a court to construe wills in a "fashion contrary to its literal, technical, or settled meaning", (Id. at 331, 609 A.2d 431) and to
effectuate the manifest intent of a testator by inserting omitted words, by altering the collocation of sentences, or even by reading his will directly contrary to its primary signification ...
Id. at 332, 609 A.2d 431, citing Bottomley v. Bottomley, 134 N.J. Eq. 279, 291, 35 A.2d 475 (Ch. 1944). We believe that a similar philosophy can and should be applied where, as here, there is an obvious conflict in the purpose of two statutes. We are satisfied that the probable intent of the Legislature was to subject joyriding offenders to the lesser punishment of a maximum of six months imprisonment in the county jail and not to the harsher sentences for third degree offenders. Otherwise, there would be no purpose in making joyriding a disorderly persons offense.
Consequently, we hold that when the underlying offense is the disorderly persons offense of joyriding the defendant cannot be convicted of burglary of that same automobile. The triers of the facts will determine whether the defendant intended to commit the offense of automobile theft or joyriding. We do not reach and make no determination whether an intent to commit automobile theft will sustain a charge of burglary of *577 that same automobile. But see Subin, 222 N.J. Super. 227, 536 A.2d 758 (App.Div. 1988).
NOTES
[1] If this reason is valid, it may well be that a burglary conviction cannot be sustained even when a defendant enters an automobile with the intent to commit the crime of theft of that same automobile.