627 A.2d 689

STATE IN THE INTEREST OF W.M.

STATE IN THE INTEREST OF S.K.

Superior Court of New Jersey
Chancery Division Family Part
Sussex County

Decided December 24, 1992.

*Dennis O'Leary,* Sussex County Prosecutor and *Vincent Connors,* Assistant Prosecutor for the State.

*Lorraine Augostini*, Deputy Public Defender for Defendant W.M.

*Bruce Farrier*, Deputy Public Defender for Defendant S.K.

PARKER, J.S.C.

In these companion cases, the State moves to waive the jurisdiction of the Family Court to have the juvenile co-defendants tried as adults in the criminal court. Both juveniles are charged with theft of a motor vehicle in violation of *N.J.S.A.* 2C:20–3 and burglary in violation of *N.J.S.A.* 2C:18–2. In addition, S.K. is charged with two counts of assault upon a law enforcement officer in violation of *N.J.S.A.* 2C:12–1b(5)(a) and one count of eluding the police while operating a motor vehicle in violation of *N.J.S.A.* 2C:29–2(b).

The State alleges that between September 26 and 28, 1992, the two juveniles burglarized a house while the residents were absent and stole a number of items, including jewelry, a camera and the keys to a Corvette. The juveniles then took the Corvette and engaged in joy riding, ultimately encountering the police and precipitating a high speed chase during the late night and early morning hours. S.K. was the driver of the car and W.M. was his passenger.

The State has filed virtually identical papers in each case. The Assistant Prosecutor submitted a two page certification in each case stating the charges against the juveniles, that each juvenile has had prior contact with the juvenile justice system and that the offenses charged are waivable under *N.J.S.A.* 2A:4A–26. The Prosecutor originally gave notice of his intent to file the waiver motions at a detention review hearing. The Public Defenders representing each of the juveniles requested that the court bifurcate the motion because of the severe shortage of resources available to the Public Defender's Office. Specifically, counsel for the juveniles requested that the court initially determine probable cause under *N.J.S.A.* 2A:4A–26(a) and, if a determination of probable cause was made, proceed with the rehabilitative hearing

under subparagraph (b) of the waiver statute. By bifurcating the procedure, the Public Defender would save the costs of having the juveniles evaluated in the event the court did not find probable cause. The Prosecutor consented to the bifurcation.

During the probable cause hearing, the Assistant Prosecutor indicated he was relying on statements of the juveniles as evidence of probable cause. The court advised the Prosecutor that no such statements had been filed with the court and the attorneys for the juveniles stated that they had not received the statements either. The Prosecutor then produced two unsworn, unsigned typewritten statements purported to be transcripts of interviews by another assistant prosecutor with each of the juveniles. W.M.'s statement was 20 pages long and S.K.'s statement was 29 pages long. Upon receiving copies of the two statements, the court recessed in order to review the statements and to give counsel for the juveniles the opportunity to do the same. Upon reconvening, counsel for both juveniles argued that the State could not rely solely upon the juveniles' own statements for a determination of probable cause. The State produced no witnesses to testify as to the circumstances of taking the juveniles' statements nor did the State produce any witnesses or other evidence to corroborate the juveniles' statements.

The threshold question is whether the State can rely solely upon transcripts of unsworn, unsigned statements of the juveniles to satisfy the probable cause element of a waiver motion. *N.J.S.A.* 2A:4A–26 governs juvenile waiver proceedings and requires the State to demonstrate that:

    \*      \*      \*      \*      \*      \*      \*      \*

(2) There is probable cause to believe that the juvenile committed a delinquent act or acts which if committed by an adult would constitute:

    \*      \*      \*      \*      \*      \*      \*      \*

(h) Theft of an automobile pursuant to Chapter 20 of Title 2C of the New Jersey Statutes....

The standard of probable cause in a waiver hearing was articulated in *State in the Interest of A.J.*, 232 *N.J.Super.* 274, 286, 556 *A.*2d 1283 (App.Div.1989):

Probable cause exists when there is a well-founded suspicion or belief of guilt. Although the suspicion of guilt must be something more than a raw, unsupported suspicion, it may be something less than the proof needed to convict. [Citations omitted] Probable cause need not equal the *prima facia* case required to sustain a conviction, [citation omitted] and need not be based solely on evidence admissible in the courtroom. [Citation omitted] Simply stated, '[n]o more is demanded than a well-grounded suspicion or belief that an offense [has taken] place and the individual [was] party to it.' [Citations omitted].

The probable cause portion of a waiver hearing "can be analogized to the probable cause hearing prior to indictment or the determination of a grand jury to indict." *State in the Interest of B.T.*, 145 *N.J.Super.* 268, 273, 367 *A.*2d 887 (App.Div.1976), *certif. denied* 73 *N.J.* 49, 372 *A.*2d 314 (1977). A grand jury must find that a *prima facia* showing has been made in order to indict the accused. *State v. Poro*, 152 *N.J.Super.* 179, 185, 377 *A.*2d 909 (App.Div.1977). Moreover, indictments obtained on the basis of written statements of witnesses rather than direct oral testimony are not "vulnerable to attack." *State v. Laws*, 50 *N.J.* 159, 182, 233 *A.*2d 633 (1967). Here, however, the State is relying solely upon the written statements of the accused, rather than witnesses, with no live testimony regarding the circumstances of taking the statements and no corroborative evidence of any sort.

*N.J.S.A.* 2A:4A–26 gives rise to a strong presumption of waiver of jurisdiction by the Family Court in certain cases. *State v. Ferguson*, 255 *N.J.Super.* 530, 535, 605 *A.*2d 765 (App.Div.1992). Under the statute, the "evidential axis ... has been heavily tilted by the Legislature in favor of waiver." *State v. R.G.D.*, 108 *N.J.* 1, 12, 527 *A.*2d 834 (1987). Nevertheless, "despite this tilt in favor of waiver to the adult court, or more probable because of it ... the juvenile's procedural safeguards must be scrupulously honored at the waiver hearing stage." *State v. Ferguson, supra,* 255 *N.J.Super.* at 536, 605 *A.*2d 765. "Once the waiver of jurisdiction occurs, the juvenile 'loses all of the protective and rehabilitative possibilities available to the Family Part.'" *Id.* at 535, 605 *A.*2d 765.

At the waiver hearing in *State In the Interest of J.L.W.*, 236 *N.J.Super.* 336, 565 *A.*2d 1106 (App.Div.1989), the trial judge made "repeated requests to call as a witness at least one of the two young people who had identified J.L.W. and given the factual basis for his motives." *Id.* at 344, 565 *A.*2d 1106. The State produced live testimony of the officers who responded to the scene and took the juvenile's statement but declined to produce the witnesses requested by the judge. The trial judge then drew an adverse inference against the State for not calling the witnesses and denied the State's motion. The Appellate Division reversed and remanded, stating:

Fact issues are decided with finality at trial, and therefore a trial tribunal could fairly expect a party to produce at trial any witnesses who would be significantly helpful. The probable cause phase of a referral hearing does not have the finality of trial. Had the judge ruled, without drawing an adverse inference, that the evidence presented simply fell short of establishing probable cause, the State could have renewed its motion for referral with additional evidence.

236 *N.J.Super.* at 346, 565 *A.*2d 1106.

Although the standards of probable cause are minimal, fundamental fairness requires something more than the unsworn, unsigned statements made by the juveniles during interviews with an assistant prosecutor. The juvenile's statements raise questions which cannot be answered without live witnesses who can be examined under oath, including the question of whether there is probable cause to believe that the juveniles took the vehicle with the purpose to deprive the owner of the property or for the purpose of joyriding. See *State v. Benford*, 259 *N.J.Super.* 569, 614 *A.*2d 659 (Law Div.1992). The court draws no adverse inference from the State's failure to produce live testimony or corroborative evidence. The court does, however, find that the State's reliance solely upon the unsigned, unsworn statements of the juveniles without any live testimony or corroborative evidence falls short of establishing probable cause that the juveniles committed waivable offenses.