628 A.2d 817

STATE OF NEW JERSEY v. DANIEL MARTES, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided March 5, 1993.

*Charles P. Sandilos*, Assistant Deputy Public Defender for defendant (*Zulima V. Farber*, Public Defender of New Jersey, attorney).

*Sally M. Smith*, Assistant Prosecutor for the State of New Jersey (*Edward Borden*, Camden County Prosecutor, attorney).

STEINBERG, J.S.C.

I write this opinion to express my respectful disagreement with the opinion of another trial court in *State v. Benford*, 259 *N.J.Super.* 569, 614 *A.*2d 659 (Law Div.1992) and hold that the defendant may be convicted of burglary even though his purpose in entering an automobile is only to joyride, or in other words, to operate it and withhold the automobile temporarily from the owner rather than to permanently deprive the owner of possession thereof. *Benford, supra*, held that a defendant may not be convicted of burglary of an automobile if his intent at the time of the entry into

the automobile was to commit only the disorderly persons offense of joyriding.

These are the facts. On June 10, 1992 the owner of a 1988 black Monte Carlo reported his automobile missing. The vehicle had been described in a local broadcast as having possibly been involved in the robbery of a store at 901 North Eight Street, Camden, New Jersey. A Camden police officer observed the vehicle and gave chase. The vehicle was stopped and two suspects were apprehended. The complainant from the robbery incident was brought to the Camden City Detective Bureau immediately and was unable to identify either of the suspects as having been involved in the robbery of his store. One of the defendants, Daniel Martes, gave a taped statement to the investigating officers admitting to entering the vehicle and taking it. He was thereafter charged in count one of the accusation with receiving ·a stolen automobile contrary to the provisions of *N.J.S.A.* 2C:20–7, with burglary of an automobile contrary to the provisions of *N.J.S.A.* 2C:18–2 in count two and with theft of property contrary to the provisions of *N.J.S.A.* 2C:20–3 in count three.

The defendant, through counsel, entered into a proposed plea agreement with the State under *R.* 3:9–3 which called for the entry of a plea of guilty to count three of the indictment charging him with theft of the automobile. In return, counts one and two charging him with receiving stolen property and burglary were to be dismissed. The recommended sentence was to be four years in New Jersey State Prison.

As part of the plea colloquy pursuant to *R.* 3:9–2 the defendant was unable to provide a factual basis for the theft of property. It was his contention that he meant to joyride by temporarily withholding possession of the automobile rather than to permanently deprive the owner thereof. If that is true, the defendant would be guilty only of joyriding, a disorderly persons offense, rather than the third degree offense of theft of property. *See N.J.S.A.* 2C:20–3 and *N.J.S.A.* 2C:20–10. Since the defendant wanted to obtain the benefit of the plea agreement he readily

agreed to amend it in order to plead guilty to count two alleging burglary and have counts one and three dismissed. I accepted his guilty plea and therefore disagreed with the *Benford* opinion, *supra*. I held that one may be guilty of burglary even though his intent at the time of the entry into the automobile was to commit the disorderly persons offense of joyriding, rather than to steal the car.

Initially, since *Benford, supra*, is an opinion of a trial court I am not required to follow it because I am not bound by a decision of a court of coordinate jurisdiction. *See State v. Hudes*, 128 *N.J.Super.* 589, 321 *A.*2d 275 (Cty.Ct.1974) and *State v. Mundy*, 113 *N.J.Super.* 308, 273 *A.*2d 620 (Cty.Ct.1970) *aff'd*, 113 *N.J.Super.* 301, 273 *A.*2d 617 (App.Div.1971). More importantly, I respectfully disagree with the reasoning set forth in *Benford, supra*.

A person is guilty of burglary if, with purpose to commit an *offense* therein he enters a *structure*, or a separately secured or occupied portion thereof, unless the structure was at the time open to the public or the actor is licensed or privileged to enter. *N.J.S.A.* 2C:18–2(a)(1) (emphasis added). The term "structure" includes any car or vehicle (emphasis added) (*N.J.S.A.* 2C:18–2(a)). The term "offense" means a crime, a disorderly persons offense or a petty disorderly persons offense unless a particular section in the code is intended to apply to less than all three. *N.J.S.A.* 2C:1–14(k). In my opinion, the Legislature has clearly expressed its intent that burglary is committed whether the underlying offense the actor intends to commit is an indictable offense or a disorderly persons offense. It must be assumed that the Legislature was aware of the statutory definition of "offense" in *N.J.S.A.* 2C:1–14(k) when it used that word in *N.J.S.A.* 2C:18–2. I do not believe that there is any indication in the Code of Criminal Justice that the term "offense" when used in describing a burglary was intended to apply to only indictable offenses.

While I agree that the purpose of the Legislature in making joyriding a disorderly persons offense punishable with a maximum custodial sentence of only six months was to treat it less harshly than a crime, I do not agree with the reasoning of *Benford* that since the commission of the offense of joyriding must be preceded by an entry into an automobile, the obvious Legislative intent is thwarted by simply charging the defendant with third degree burglary even though the intent was to joyride. Burglary and the underlying offenses such as theft have consistently been treated as separate and distinct offenses. Accordingly, it has been held that under appropriate circumstances consecutive sentences for burglary and third degree sexual contact are appropriate. *State v. Mosch,* 214 *N.J.Super.* 457, 519 *A.*2d 937 (App.Div.1986). In addition, it has been held that an acquittal on the charge of theft does not require a conviction of burglary to be set aside since burglary requires only an entry with a purpose to commit an offense irrespective of whether an offense is actually committed. *State v. Mangrella,* 214 *N.J.Super.* 437, 519 *A.*2d 926 (App.Div. 1986). Burglary and robbery do not merge. The crime of burglary is complete upon entry into a structure unlawfully for the purpose of committing an offense once inside. *State v. Pyron,* 202 *N.J.Super.* 502, 495 *A.*2d 467 (App.Div.1985). If, in addition to the hostile entry, the intended offense is committed, then the offense itself is separately punishable. *Id.* at 504, 495 *A.*2d 467. The legislature considered and specifically rejected a recommendation that a person could not be convicted both for burglary and for the offense it was his purpose to commit after the entry. *See Cannel, Title 2C, New Jersey Criminal Code Annotated,* 1992–1993 edition, comments one and seven and *State v. Pyron, supra,* at 504, 495 *A.*2d 467.

*Benford* suggests that if a person enters an automobile with the intent to take the vehicle for a joyride he may not be committing an offense therein. Recognizing the fact that accepting the defendant's argument that one who enters an automobile with the purpose to go joyriding with the automobile itself does not constitute an offense committed "therein" might well mean that a

burglary conviction cannot be sustained even when a defendant enters an automobile with the intent to commit the crime of theft of that same automobile, *Benford, supra,* declined to so hold. Rather, *Benford, supra,* held that the obvious intent of the Legislature to treat joyriding less harshly than burglary would be thwarted if one could be convicted of burglary when his purpose in entering the automobile was to commit the offense of joyriding. I disagree. That completely overlooks the fact that burglary and the underlying offense are separate and distinct. If the defendant had entered the automobile with the purpose to steal a radio valued at less than $200.00, the burglary would be no less a burglary. The theft would be treated as a disorderly persons offense. *See N.J.S.A.* 2C:20–2 and *N.J.S.A.* 2C:20–3. If the defendant entered the automobile with the purpose of causing damage of less than $500.00, the burglary would be no less a burglary. The offense of criminal mischief would be a disorderly persons offense. *See N.J.S.A.* 2C:17–3(b). If the defendant had entered the automobile with the purpose of committing a simple assault, the burglary would be no less a burglary. The assault would be a disorderly persons offense. *See N.J.S.A.* 2C:12–1(a)(1). Simply put, a disorderly persons offense is an offense under *N.J.S.A.* 2C:1–14(k) and it exists separate and apart from a related burglary.

There does not appear to be any case in New Jersey which has held that a person who breaks into a car with a purpose only to steal the car may be convicted of both burglary and the attempted theft of the car. There is language in *State v. Subin,* 222 *N.J.Super.* 227, 536 *A.*2d 758 (App.Div.1988) to the effect that burglary and attempted theft by unlawful taking are separate and distinct offenses even though the "structure" broken into is also the "movable property" attempted to be stolen. *Id.* at 236, 536 *A.*2d 758. However, in *Subin* the factual basis for the plea was the defendant's admission during the plea colloquy that when he broke into the car it was his purpose to steal some of the contents of the car, rather than the car itself. In response to the court's question he thereafter admitted that he also intended to take the

van if he could find the keys. The *Subin* court observed that the factual predicate necessary to prove burglary was met independent of any subsequent attempt the defendant made to exercise control of the van. *Id.* at 236, 536 *A.*2d 758. *Cannel, supra,* at 357 suggests that *Subin, supra* does not go as far as establishing that a person who breaks into a car with the purpose only to steal a car may be convicted of both burglary and attempt theft of the car. *Cannel* goes on to say that *Subin's* merger analysis at 235 suggests that under those facts merger would probably be required. I disagree seeing nothing set forth in *Subin* that calls for that conclusion. Finally, I have no difficulty in concluding that one who enters an automobile with the purpose to commit either the offense of theft or joyriding of the automobile commits an offense "therein". The act of driving the vehicle away, or attempting to drive the vehicle away, with the purpose to deprive the owner of possession either temporarily or permanently, obviously constitutes an "offense" which is committed "therein". The legislative intent is not thwarted or disturbed in any way. This holding merely constitutes a recognition of the fact that the offense of burglary and the underlying offenses are separate and distinct and have always been so treated.

The *Benford* court specifically recognized the fact that the only courts that previously decided this issue have had no hesitancy in finding that an intent to steal an automobile will also sustain a conviction of burglary if the defendant's purpose in entering the automobile was to steal it. *See State v. Dalby,* 361 *So.*2d 215 (Fla.App.1978), *State v. Stephens,* 601 *So.*2d 1195 (Fla.1992), *People v. Steppan,* 105 *Ill.*2d 310, 85 *Ill.Dec.* 495, 473 *N.E.*2d 1300 (1985) and *People v. Buckner,* 203 *Ill.App.*3d 525, 149 *Ill.Dec.* 57, 561 *N.E.*2d 335 (4th Dist.1990). In addition, it has been held that a defendant may be convicted of burglary of an automobile even though when he entered the automobile his intention was the unauthorized temporary use of the same automobile. *State v. Harley,* 362 *So.*2d 379 (Fla.App.1978). Accordingly, the only courts that have dealt with this issue had no difficulty in finding that the legislative intent is not thwarted by permitting a convic-

tion of burglary when the underlying offense was joyriding and had no difficulty in finding that an intent to steal the vehicle entered will support a charge of burglary.

For these reasons, I have accepted the defendant's guilty plea of burglary of an automobile when he, without permission, entered the automobile with the purpose to joyride.