**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0395-19T2

JAMES KENNEDY, II, on
behalf of himself and those
similarly situated persons,

     Plaintiff-Respondent,

v.

WEICHERT CO. d/b/a
WEICHERT REALTORS,

     Defendant-Respondent.

_____

NEW JERSEY REALTORS®,

     Appellant.

_____

> Argued February 10, 2020 – Decided February 21, 2020
>
> Before Judges Messano, Ostrer and Susswein.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2266-19.
>
> Darren C. Barreiro argued the cause for appellant (Greenbaum Rowe Smith & Davis LLP, attorneys;

Barry S. Goodman and Darren C. Barreiro, of counsel; Darren C. Barreiro and Conor J. Hennessey, on the brief).

Ravi Sattiraju argued the cause for respondent James Kennedy, II (Sattiraju & Tharney, LLP, attorneys; Ravi Sattiraju, of counsel and on the brief; Anthony S. Almeida, on the brief).

PER CURIAM

By leave granted, New Jersey Realtors® (NJR) appeals from the trial court's order denying its motion to intervene of right, R. 4:33-1, or permissively, R. 4:33-2, in this pending putative class action by a real estate salesperson against his real estate brokerage firm.[1]  In brief, NJR is concerned that the precedential or persuasive effect of a pro-plaintiff result will harm its members' interests.  Having reviewed NJR's arguments in light of the record and applicable principles of law, we conclude that NJR does not satisfy standing as prescribed by Rule 4:33-3; nor does it meet all four requirements for intervening of right.

---

[1]  We denied NJR's motion to deem its appeal to be proper of right.  We adhere to our view in HUNY & BH Assocs. v. Silberberg, 447 N.J. Super. 606 (App. Div. 2016) that a trial court's order denying a motion to intervene, whether of right or permissively, is interlocutory and not a final judgment appealable of right under Rule 2:2-3(a).  See also Gov't Sec. Co. v. Waire, 94 N.J. Super. 586, 588-89 (App. Div. 1967); contra Grober v. Kahn, 88 N.J. Super. 343, 360 (App. Div. 1965), rev'd on other grounds, 47 N.J. 135 (1966).

Additionally, the trial court appropriately exercised its discretion in denying NJR's motion to intervene permissively. Therefore, we affirm.

Plaintiff James Kennedy, II, alleges in his March 2019 complaint that defendant Weichert Co. misclassified him and other real estate salespersons as independent contractors; and Weichert wrongfully withheld or diverted their wages for various purposes in violation of the New Jersey Wage Payment Law (WPL), N.J.S.A. 34:11-4.1 to 4.14. Kennedy contends that his employment status should be determined according to the so-called "ABC test" in N.J.S.A. 43:21-19(i)(6)(A), (B), and (C), consistent with Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015). Kennedy seeks damages for himself and the putative class, attorney's fees, and a declaration that he and the putative class were misclassified.

Roughly four months later, NJR sought to intervene. NJR is a trade association of about 55,000 members, including real estate salespersons and brokers. In its proposed answer denying Kennedy's and the class's right to relief, NJR professed no knowledge of the factual allegations specific to Kennedy's relationship with Weichert. NJR proposed to file a counterclaim seeking a declaration, under the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62, that the exemption in N.J.S.A. 43:21-19(i)(7)(K) governed "whether a New Jersey

real estate licensee (such as [p]laintiff and the putative class members) is considered an employee under the [WPL] . . . ." Alternatively, NJR's proposed counterclaim seeks a declaration that, "consistent with the Real Estate Brokers and Salesman Act, N.J.S.A. 45:15-3.2, independent contractor agreements," between Weichert and Kennedy and the putative class members govern their relationship.

The trial court denied NJR's motion.[2] Judge Garry Furnari concluded that NJR had no interest in the relationship between Weichert and Kennedy and the putative class. He stated that NJR's sole interest was "whether the Supreme Court's decision [in Sleepy's] applies to them." Judge Furnari concluded that NJR lacked a sufficient interest in the property or transactions at issue in the case. He also concluded that permitting NJR to intervene, and to engage in discovery, would significantly complicate the case.

On appeal, NJR contends the court erred in denying its motion to intervene of right, and abused its discretion in denying its motion to intervene permissively. We disagree.

Rule 4:33-1 entitles anyone to intervene in an action:

---

[2] On the same day, the trial court denied Weichert's motion to dismiss for failure to state a claim. We separately granted Weichert's motion for leave to appeal from that order.

[1] [u]pon timely application . . . if [2] the applicant claims an interest relating to the property or transaction which is the subject of the action and [3] is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless [4] the applicant's interest is adequately represented by existing parties.

The movant has the burden to demonstrate grounds to intervene, including proof that existing parties will not adequately represent its interests. Am. Civil Liberties Union of N.J., Inc. v. Cty. of Hudson, 352 N.J. Super. 44, 67 (App. Div. 2002). The court must approve the application if all elements are met. Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998).

Additionally, Rule 4:33-3 requires the movant to set forth a "claim or defense" in its pleading. Consequently, a movant must also demonstrate it has standing to intervene in the case. N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 290 (App. Div. 2018).

NJR filed a timely application. However, in all other respects, it has failed to satisfy the requirements for intervention of right. As a threshold matter, NJR lacks standing to intervene. While our courts approach standing more liberally than the federal courts, a party must still have a "real and direct interest" to establish standing. In re Camden Cty., 170 N.J. 439, 447-48 (2002). We "will not . . . entertain proceedings by plaintiffs who are mere intermeddlers . . .

5

or are merely interlopers or strangers to the dispute." Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107 (1971) (internal citations and quotations omitted).

NJR has no real dispute with Kennedy or the putative class of Weichert salespersons. A nonprofit association may have standing "to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." In re Ass'n of Trial Lawyers of Am., 228 N.J. Super. 180, 186 (App. Div. 1988) (citation omitted). Associations may also have standing to protect its members' associational ties. Ibid. Alternatively, an association may have standing as its members' representative, so long as any one member would otherwise have standing to file suit. Ibid.

However, NJR as an association has no contract with Kennedy or the putative class. NJR would suffer no alleged injury to itself if Kennedy prevails. NJR members' associational ties are not at risk in this suit. Furthermore, no individual NJR member – other than Weichert itself, presuming it is a member – would have standing to sue Kennedy over his entitlement to damages. Were NJR to intervene, it would put in issue contractual relationships of which Kennedy and the putative class have no knowledge.

A-0395-19T2

The analysis is not altered by NJR filing a declaratory judgment action. As our courts will not issue advisory opinions, a party still needs "a live dispute" with the defendant in order to file a declaratory judgment action. See In re N.J. Firemen's Ass'n Obligation to Provide Relief Applications Under Open Pub. Records Act, 230 N.J. 258, 278 (2017); Williams v. Borough of Clayton, 442 N.J. Super. 583, 591 (App. Div. 2015) (discussing "live controversy" requirement). "A declaratory judgment act merely provides a procedural device to accelerate the resolution of a dispute; the procedural device does not alter the substance of the dispute." In re Envtl. Ins. Declaratory Judgment Actions, 149 N.J. 278, 302 (1997) (O'Hern, J., dissenting). NJR has no dispute with Kennedy, and would lack standing to file its own claim, on behalf of itself or its members, against Kennedy.

Even if NJR had standing, it has failed to "claim[] an interest relating to the property or transaction which is the subject of the action." R. 4:33-1. Consequently, resolution of the lawsuit will not "impair or impede the ability [of NJR] to protect that interest." Ibid.

Under Fed.R.Civ.P. 24(a), which Rule 4:33-1 follows verbatim, the "interest . . . must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the

suit." Wade v. Goldschmidt, 673 F.2d 182, 185 n. 5 (7th Cir. 1982) (quoting In re Penn Cent. Comm'l Paper Litig., 62 F.R.D. 341, 346 (S.D.N.Y. 1974), aff'd sub nom. Shulman v. Goldman, Sachs & Co., 515 F.2d 505 (2d Cir. 1975)). Applying that persuasive federal interpretation, NJR does not present such an interest. See Exxon Mobil Corp., 453 N.J. Super. at 288-89, 296 (referring to federal case law interpreting Fed.R.Civ.P. 24(a) as persuasive authority).[3]

Our decision in Sutter v. Horizon Blue Cross Blue Shield of N.J., 406 N.J. Super. 86 (App. Div. 2009) is instructive. A class of physicians sued and then proposed to settle a dispute over the defendant's reimbursement methods. Id. at 94-96. The trial court denied intervention of right by three physician societies, finding they lacked an interest in the subject matter, because they had "nothing to lose or gain based on the outcome of the settlement." Id. at 107. We affirmed based on the trial court's reasoning. Id. at 108.

We reach the same conclusion here. The property or transaction at issue consists of the agreements between, on one side, Kennedy and the putative class, and on the other side, Weichert. NJR does not have an interest in those

---

[3] Generally, our courts deem it "proper to draw on the experience of the federal courts" where a federal rule is substantially identical to ours. Baumann v. Marinaro, 95 N.J. 380, 390-91 (1984) (considering Rule 4:49-2 and Fed.R.Civ.P. 59(e)).

A-0395-19T2

agreements separate from Weichert's. "Trade associations . . . may be affected by (and hence colloquially 'interested' in) the rules of law established by appellate courts. To allow them to intervene as of right would turn the court into a forum for competing interest groups, submerging the ability of the original parties to settle their own dispute (or have the court resolve it expeditiously)." Bethune Plaza, Inc. v. Lumpkin, 863 F.2d 525, 532–33 (7th Cir. 1988).

NJR argues that it has an interest in the stare decisis or persuasive effect of the trial court's decision. It contends that it is concerned with the impact of a decision in this case on the "real estate industry as a whole." However, the trial court's decision will have no precedential effect on any other court. See S&R Assocs. v. Lynn Realty, 338 N.J. Super. 350, 355 (App. Div. 2001) (stating trial court decision not binding on Appellate Division); State v. Martes, 266 N.J. Super. 117, 120 (Law Div. 1993) (stating trial court not bound by "decision of a court of coordinate jurisdiction"). Although another judge might find the trial court decision in this case persuasive, that is not sufficient to establish the requisite "interest in the property or transaction which is the subject of the action." See In re Benny, 791 F.2d 712, 721 (9th Cir. 1986) (holding that the possibility that one Circuit Court of Appeals' decision would persuade other Circuit Courts was "too tenuous" an interest to justify intervention of right).

Lastly, regarding its motion to intervene of right, NJR has not demonstrated that Weichert will not adequately represent its interests. NJR does not contend it will make arguments that Weichert will omit; that Weichert is incapable of making the arguments that need to be made; or that Weichert will neglect matters of interest to NJR. See Builders League of S. Jersey, Inc. v. Gloucester Cty. Utils. Auth., 386 N.J. Super. 462, 469 (App. Div. 2006) (holding that Builders League adequately represented developer's interests where their positions were essentially identical); see also People of State of Calif. v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986) (considering "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect").[4]

When the proposed intervenor and an existing party share the same ultimate objective, the proposed intervenor must overcome a presumption that representation is adequate. See Prete v. Bradbury, 438 F.3d 949, 956 (9th Cir.

---

[4] NJR's counsel contended for the first time in oral argument that it represented the interests of small real estate brokers as well as large ones, like Weichert. However, he did not explain how the interests of the two diverge. In any event, we are not obliged to address an argument raised initially in oral argument. In re Bloomingdale Conval. Ctr., 233 N.J. Super. 46, 48 n. 1 (App. Div. 1989).

2006); <u>Wade</u>, 673 F.2d at 186; <u>Helgeland v. Wisconsin Municipalities</u>, 745 N.W.2d 1, 22-23 (Wisc. 2008). Differences in litigation strategy do not suffice to defeat the presumption. <u>Stuart v. Huff</u>, 706 F.3d 345, 353 (4th Cir. 2013); <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1086 (9th Cir. 2003). NJR has not demonstrated that its ultimate objective differs from Weichert's, or that its interests differ with respect to the law governing the relationship between salespersons and brokers. NJR also has failed to rebut the resulting presumption that Weichert will adequately represent its interests. In sum, the trial court correctly denied NJR's motion to intervene of right.

NJR's argument regarding its motion to intervene permissively fares no better. We review a trial court's decision regarding permissive intervention under an abuse of discretion standard. <u>City of Asbury Park v. Asbury Park Towers</u>, 388 N.J. Super. 1, 12 (App. Div. 2006). Given that deferential standard, NJR's argument warrants only brief comment.

"Where intervention of right is not allowed, one may obtain permissive intervention," pursuant to <u>Rule</u> 4:33-2. <u>Atl. Emp'r Ins. Co. v. Tots & Toddlers Pre-Sch. Day Care Ctr., Inc.</u>, 239 N.J. Super. 276, 280 (App. Div. 1990). Anyone may intervene permissively "[u]pon timely application . . . if the claim or defense and the main action have a question of law or fact in common." <u>R.</u>

11

4:33-2; see also ACLU, 352 N.J. at 70. The court must consider the impact of intervention on the existing parties. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." R. 4:33-2.

In considering a motion to grant permissive intervention, a trial court will consider, "promptness of the application, whether or not the granting thereof will result in further undue delay, whether or not the granting thereof will eliminate the probability of subsequent litigation, and the extent to which the grant thereof may further complicate litigation which is already complex." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on Rule 4:33-2 (2020). As with intervention of right, "those without standing in the first instance are also without sufficient interest to warrant intervention." Exxon Mobil, 453 N.J. Super. at 287 (quoting Pressler & Verniero, cmt. 1 on Rule 4:33-2).

As we set forth above, NJR lacks standing to bring its counterclaim against Kennedy and the putative class. In any event, we shall not disturb Judge Furnari's assessment that permitting NJR to intervene would significantly expand, complicate, and delay the litigation. He did not abuse his discretion in denying NJR's motion for permissive intervention.

A-0395-19T2

Although Kennedy opposed NJR's motion to intervene, he concedes that NJR's proper role in this case is to serve as amicus curiae. See Rule 1:13-9; see also In re State ex rel. Essex Cty. Prosecutor's Office, 427 N.J. Super. 1, 5 (Law Div. 2012). Therefore, we sua sponte grant NJR permission to do so. This will assure its timely opportunity to participate in Weichert's appeal, by leave granted, from the court's order denying Weichert's motion to dismiss. NJR may file an amicus brief in ten days. Kennedy and Weichert may file a reply within seven days thereafter. NJR may present oral argument.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION