624 A.2d 1029

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LUIS JIJON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 4, 1993—Decided May 20, 1993.

406

Before Judges MICHELS, BILDER and WALLACE.

*Mordecai Garelick,* Assistant Deputy Public Defender, argued the cause for appellant (*Zulima V. Farber,* Public Defender, attorney; *Mr. Garelick,* of counsel and on the letter brief).

*Chana Barron,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Ms. Barron,* of counsel and on the letter brief).

The opinion of the court was delivered by

BILDER, J.A.D.

Following a jury trial, defendant Luis Jijon was found guilty of burglary, *N.J.S.A.* 2C:18–2, and unlawful taking of a means of conveyance (joyriding), *N.J.S.A.* 2C:20–10, the latter being a lesser included offense of a charged theft of a motor vehicle of which he was acquitted. He was sentenced to concurrent one year terms of probation, and VCCB penalties totaling $60 were imposed.

In his brief on appeal defendant makes the following contentions:

POINT I

DEFENDANT'S CONVICTION OF BURGLARY SHOULD BE VACATED, BECAUSE JOYRIDING IS NOT "AN OFFENSE THEREIN" AS CONTEMPLATED BY *N.J.S.A* 2C:18–2, AND BECAUSE SIMULTANEOUS CONVICTION OF BURGLARY AND JOYRIDING ARISING OUT OF ONE TRANSACTION VIOLATES THE INTENT OF THE LEGISLATURE THAT JOYRIDING BE PUNISHED AS DISORDERLY PERSONS OFFENSE.

▆ Defendant's contentions are clearly without merit. *R.* 2:11–3(e)(2).

▆ It is now well established that burglary is complete upon entry with purpose of committing an offense. *See State v. Pyron*, 202 *N.J.Super.* 502, 504, 495 *A.*2d 467 (App.Div.1985); Cannel, *Criminal Code Annotated*, Comment 2 to 2C:18–2 (1992–1993) at 353. The projected offense need not be actually committed. *See State v. Mangrella*, 214 *N.J.Super.* 437, 441, 519 *A.*2d 926 (App. Div.1986), certif. den., 107 *N.J.* 127, 526 *A.*2d 194 (1987). The burglary and a subsequent attempted theft by unlawful taking are separate and distinct offenses "even though the 'structure' broken into is also the 'movable property' attempted to be stolen." *State v. Subin*, 222 *N.J.Super.* 227, 236, 536 *A.*2d 758 (App.Div.1988), certif. den., 111 *N.J.* 580, 546 *A.*2d 506 (1988). The notion that joyriding is not an "offense" within the meaning of *N.J.S.A.* 2C:18–2 is belied by the plain language of the statute which defines burglary as an entry (or surreptitious remaining) "with purpose to commit *an offense* therein", an all encompassing term which includes not only crimes, but disorderly persons offenses and even petty disorderly persons offenses. *See N.J.S.A.* 2C:1–14k; *also* Cannel, *supra*, Comment 3 to 2C:18–2 at 354–355.

Defendant's argument that the joyriding conviction immunizes him from the third degree burglary conviction because the former is a disorderly persons offense is a *non sequitur*. As already noted, these are different offenses which the Legislature has dealt with separately and differently. Indeed, the Legislature rejected the notion they should merge. *See Cannel, supra*, Comment 7 to

2C:18–2 at 357; *also State v. Pyron, supra,* 202 *N.J.Super.* at 504–505, 495 *A.*2d 467.

In *State v. Benford,* 259 *N.J.Super.* 569, 614 *A.*2d 659 (Law Div.1992), the Law Division held that a defendant could not be convicted of burglary if his intent at the time of entry into the automobile was only to commit the disorderly persons offense of joyriding. We disapprove that opinion.

We agree with Judge MADDEN's thoughtful decision and affirm.