218 N.J. Super. 487 (1987)
528 A.2d 61
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RUDOLF VASKY, INADVERTENTLY CALLED RUDOLF BASKY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 5, 1987.
Decided July 7, 1987.
*489 Before Judges ANTELL, BRODY and D'ANNUNZIO.
Lawrence Friedman, attorney for appellant.
Herbert H. Tate, Jr., Essex County Prosecutor, attorney for respondent (Marc J. Friedman, Assistant Essex County Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
The quantity and quality of evidence before a grand jury need not be much to support an indictment. The question in this appeal is whether there was enough in this case.
Defendant was indicted for third-degree burglary (N.J.S.A. 2C:18-2) and third-degree theft (N.J.S.A. 2C:20-3(a) and N.J.S.A. 2C:20-2b(2)(a)). Investigation of the crimes began as the result of complaints from tenants living in a multifamily building in Newark that they were cold and without hot water because someone had removed the boiler and hot water heater. The indictment is based on evidence that defendant unlawfully entered the building and stole the fixtures.
The State presented its evidence at two grand jury hearings. Philip Tanala, manager of city-owned property, testified at the first hearing; Carmen Melendez, a tenant in the building, testified at the second. Tanala testified that the city had acquired the property from defendant as the result of a tax lien foreclosure before the tenants complained. He further testified that "tenants said that [defendant] in fact was the individual who came around and had taken [the fixtures] from the basement." When asked how much the fixtures were worth, Tanala replied, "Offhand I don't know." He testified, however, that a report from his "inspectors" contained a "ball park estimate" of over $1,000 "[a]s far as I recall it."
The assistant prosecutor was apparently not satisfied at the close of the first hearing that there was enough evidence to indict because he said to the members of the grand jury:

*490 Now, one sticky point is that you have some evidence before you which is direct that is the fact that the things were missing. But, you also have hearsay with regard to the individual who took them. A jury, a Grand Jury can consider hearsay evidence and therefore I laid out to you, but also we could, if you want to, have the addresses of the people who did report this, who did see him take the things out. Now I tell you that because I think that's the better practice. I think you ought to do that. We'll lay it over until then.
At the second hearing, a week later, the assistant prosecutor did not present eyewitness testimony as he had promised. Instead, he presented the testimony of Carmen Melendez, a tenant who claimed to have spoken to an eyewitness. When asked whether defendant had taken "some stuff out of the basement of your building," she replied, "No, no, I do not know anything." She testified, however, that another tenant "said that she had seen [defendant] take the stuff out of the building and she also heard the noise when it was being loaded up onto the truck."
The assistant prosecutor thereupon gave some assurance to the members of the grand jury that they had enough evidence to indict:
Let's see how we are going to do this. The charge against [defendant] is burglary. All right.
Now, we know now [defendant] had no right to go into the place at all and, in fact, if he did go in you can also consider the charge of theft because there is some testimony as to a theft from the apartment building and the value of the thing that was taken would be somewhere in the area of over a thousand dollars and that would be a crime of the third degree, and a grand jury may consider hearsay evidence and you have enough direct evidence with regard to the crime and the fact that stuff was missing and you have enough information almost direct hearsay from the fact that Ms. Melendez had known what had gone on, so, you may consider this case based on her testimony and at some time in the future, since we have really enough information to locate the woman who was the eyewitness, you may consider those charges based on what you have heard and the last two days of the testimony.
Now, do you find it necessary to find the woman or do you want to hold it off or what?
The grand jury minutes end at this point.
Our consideration of the validity of this indictment must be guided by the following principles. The court's power *491 to dismiss an indictment may not be exercised except on the "clearest and plainest ground." State v. Weleck, 10 N.J. 355, 364 (1952) (quoting State v. Davidson, 116 N.J.L. 325, 328 (Sup.Ct. 1936)). An indictment that appears sufficient on its face stands if the State presents the grand jury with at least "some evidence" as to each element of a prima facie case. State v. Donovan, 129 N.J.L. 478, 483 (Sup.Ct. 1943). A grand jury may return an indictment based largely or wholly on hearsay testimony. State v. Thrunk, 157 N.J. Super. 265, 278 (App.Div. 1978); State v. Farrante, 111 N.J. Super. 299, 304-306 (App.Div. 1970). Unless a prosecutor's conduct before a grand jury infringes upon the jury's decision-making function, it may not be the basis of a dismissal of the indictment. State v. Schamberg, 146 N.J. Super. 559, 564 (App.Div. 1977), certif. den. 75 N.J. 10 (1977).
Melendez's hearsay testimony that a tenant told her that she had seen defendant remove the fixtures is adequate to sustain the indictment for burglary and also sustains a charge of theft, but not third-degree theft. The indictment for third-degree burglary rests on evidence that defendant entered a private structure "with purpose to commit an offense therein." N.J.S.A. 2C:18-2(a). To sustain the indictment for third-degree theft, however, there must be evidence that the property stolen was worth more than $500. N.J.S.A. 2C:20-2b(2)(a). If the fixtures were worth between $200 and $500, the offense would be a fourth-degree crime. N.J.S.A. 2C:20-2b(3). If they were worth less than $200, the offense would be only a disorderly persons offense. Ibid. The value of the property stolen is an element of the offense that must be presented to the grand jury. See State v. Burks, 188 N.J. Super. 55, 60 (App.Div. 1983), certif. den. 93 N.J. 285 (1983); State v. Romero, 95 N.J. Super. 482, 488-489 (App.Div. 1967).
The only evidence of the fixtures' value was Tanala's testimony that the inspectors reported a ball-park estimate of over $1,000 as far as he could recall. There was no evidence that *492 the inspectors had personal knowledge based on observation of the fixtures or had the experience necessary to value them. See Evid.R. 19. Statements of fact or opinion that are not even remotely supported by personal knowledge or experience are not evidence and may not be the basis for an indictment.
The assistant prosecutor's remarks, while bordering on an expression of his opinion as to the adequacy of the evidence, stopped short of taking that decision away from the grand jury. In fact he gave them the option of hearing the testimony of the eyewitness if they felt it was necessary to make a decision.
The order denying defendant's motion to dismiss the indictment is affirmed as to the burglary, but reversed as to the theft. Remanded for further proceedings.