643 A.2d 658

STATE OF NEW JERSEY, PLAINTIFF,
v. RAUL PLANES, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Hudson County

Decided March 4, 1994.

*Carmen Messano,* Prosecutor, (*Susan Bohrod,* Asst. Pros., for the State)

*Sebastian M. Bio,* for defendant.

DeSTEFANO, J.S.C.

On the evening of September 13, 1992, Defendant, Raul Planes, and two confederates were in the process of burglarizing and stealing an automobile owned by Michael Boyajian. While his two confederates were engaged inside the automobile, Mr. Planes stood watch outside. Michele Zurn, a local resident, was out walking her dog and came upon the crime in progress. Mr. Planes turned to Ms. Zurn and said, "You better keep your mouth shut, or I'll get you. You got to walk that mutt sometime." Ms. Zurn testified before the Hudson County Grand Jury. The Assistant Prosecutor asked Ms. Zurn the following questions, "In other words, he'll come back and watch for you?" Ms. Zurn answered, "He said you got to walk that dog sometime." The Prosecutor continued, "Did you feel frightened for your life?" Ms. Zurn responded, "Yes, this guy was acting drunk, God only knows if he was on drugs, I took it very serious."

After the encounter with Mr. Planes, Ms. Zurn ran away, but managed to see Mr. Planes and his two confederates ride off in the stolen automobile. Ms. Zurn called the police. The automobile and its occupants were stopped soon thereafter, and Ms. Zurn made an on scene identification.

Raul Planes is charged with robbery, burglary in both the second and third degree, and attempted theft of movable property. Mr. Planes moves to dismiss the robbery count in the indictment.

The defense argues that the threat against Ms. Zurn was not of *immediate* bodily injury, and, accordingly, robbery does not lie. The State counters that Ms. Zurn was placed in immediate fear by reason of the threats and fled the scene. It is evident that no bodily injury occurred, that no force was used upon Ms. Zurn and that Mr. Planes was in the course of committing a theft.

The issue presented is whether the threats made by Mr. Planes to Ms. Zurn, while Mr. Planes was in the course of committing a theft and burglary, are sufficient to sustain a charge of robbery. This court finds that under the facts presented, they are sufficient to sustain the charge.

A person is guilty of robbery if, in the course of committing a theft, he:

1. inflicts bodily injury or uses force upon another; or
2. threatens another with or purposely puts him in fear of **immediate** bodily injury; or
3. commits or threatens **immediately** to commit any crime of the first or second degree. *N.J.S.A.* 2C:15–1. (emphasis added)

The robbery provisions in the *New Jersey Code of Criminal Justice* and the *Model Penal Code* are substantially the same.[1] The practice commentary to the *Model Penal Code* talks in terms of an immediate or imminent threat, either express or implied, calculated to communicate menace to the victim if the actor's wishes are not honored. The timing of the harm is crucial.

---

[1] The *Model Penal Code* requires a threat of serious bodily injury. The *Code of Criminal Justice* requires only a threat of bodily injury.

The threatened harm must be more immediate than "future". A threat of "future" harm is characteristic of theft by extortion, as opposed to robbery.[2]  *N.J.S.A.* 2C:20–5.  *A.L.I. Model Penal Code and Commentaries,* Vol. II: § 222.1, Comment 3, at 106–12; 33 *New Jersey Practice, Criminal Law,* § 151, at 243 (Gerald Miller) (2nd ed. 1990). The question of when a threat is immediate or future, in the robbery context, has been dealt with in only a few reported decisions. *People v. Woods,* 41 *N.Y.*2d 279, 392 *N.Y.S.*2d 400, 360 *N.E.*2d 1082 (1977); *People v. Ricky Stewart,* 54 *Ill. App.*3d 76, 11 *Ill.Dec.* 677, 369 *N.E.*2d 131 (1977). This is a case of first impression in this state.

In *People v. Woods, supra,* a "flim-flam" theft was raised to a robbery when the defendant "escorted" the victim to her home, then to a bank, where the victim withdrew funds. The victim was ultimately told to give the money to the defendant "for her own safety". These words did not constitute a threat of the immediate use of physical force. The holding of the New York Court of Appeals is instructive and is quoted at length:

> Here, however, we do not have to evaluate those words in a vacuum, but rather, it was proper for the trial court to allow the jury to interpret these words in light of myriad facts and circumstances of this case, and it is within the province of the jury to determine the weight to be accorded the testimony. . . . It was for the jury to determine, *under an appropriate charge,* whether the defendant's actions were a mere continuation of the original "con game" or whether the scheme had broken down and the defendant's activities, taken in context and as a whole, constituted threats of the immediate use of physical force. . . . *To suggest that the threatening words, if any there be, must in and of themselves express the immediacy of the use of physical force is to graft an added and unjustified requirement onto the statute and to invade the jury's domain as the fact finder.* The statute does not require the use of any words whatsoever, but merely that there be a threat, whatever its nature, of the immediate use of physical force. It certainly should not be read so as to allow a criminal to go free on the mere happenstance that he did not employ what by hindsight a reviewing court would categorize as threatening words of art. (emphasis added)

---

[2] The Grand Jury did not indict for, nor was defendant charged with, the crime of theft by extortion. Robbery, theft by extortion and burglary where bodily injury is threatened are all second degree offenses. Mr. Planes was not indicted for terroristic threats. *N.J.S.A.* 2C:12–3.

*[People v. Woods, supra,* 392 *N.Y.S.*2d at 403, 360 *N.E.*2d at 1085.] [3]

Robbery is now viewed in a broader scope than it was at common law. It is of no moment that the person injured or threatened was not the same person from whom the theft was committed. A threat of injury to a person who is not the custodian of stolen property is enough to sustain a charge of robbery. *State v. Mirault,* 92 *N.J.* 492, 457 *A.*2d 455 (1983). In *State v. Mirault,* the Supreme Court noted a societal concern for the petty thief who is willing to use force or violence to accomplish his end. *State v. Mirault,* 92 *N.J.* at 495–98, 457 *A.*2d 455. The Code punishes, under the robbery statute, those thieves who not only use force, but demonstrate a "willingness" to use force. *State v. Carlos,* 187 *N.J.Super.* 406, 413, 455 *A.*2d 89 (App.Div.1982); *certif. denied,* 93 *N.J.* 297, 460 *A.*2d 693 (1983). A conditional threat to kill a victim who refuses to submit to a robbery is sufficient to sustain a charge of robbery. *See State v. Pyron,* 202 *N.J.Super.* 502, 495 *A.*2d 467 (App.Div.1985). In *State v. Sewell,* 127 *N.J.* 133, 603 *A.*2d 21 (1992), robbery was found where a fleeing thief bumped into patrons on a casino floor. The Supreme Court noted, "a thief commits second degree robbery, but not simple assault if he or she *only threatens* another with bodily injury regardless of its seriousness, or uses force that entails no injury." *State v. Sewell, supra,* 127 *N.J.* at 147, 603 *A.*2d 21 (emphasis added).

In the case at bar, Ms. Zurn was frightened by Mr. Planes' threats and fled. It is not however, the fear created in Ms. Zurn that controls, but Mr. Planes' intent when he made those threats.

---

[3] The New York statute reads: "Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the *immediate* use of physical force upon another person for the purpose of:

1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny." (N.Y.Penal Law § 160.00) (emphasis added)

The State must prove that it was Mr. Planes' purpose to convey to Ms. Zurn that immediate harm would result if resistance is encountered. *State v. Sein,* 124 *N.J.* 209, 590 *A.*2d 665 (1991). *A.L.I. Model Penal Code and Commentaries,* Vol. II: § 222.1, Comment 4(b), at 113–14.

Mr. Planes issued these threats during the course of a theft, to a woman alone on a dark street, with an apparent purpose to facilitate the commission of a burglary and theft. He attempted to coerce Ms. Zurn into immediate and future silence concerning the criminality that she observed. These threats were calculated to create fear and even terror in Ms. Zurn. This court is persuaded by the approach taken by the New York Court of Appeals in *People v. Woods, supra.*

█ It is not required that Mr. Planes used threatening words of art. To judge a threat to another, in the robbery context, in technical terms of tense, syntax or grammar would allow too much leeway to an artful and articulate robber. The threat, in the totality of the circumstances presented, should be judged by a trier of fact.

█ Dismissal of a count in an indictment should not be granted, except upon the clearest and plainest grounds. The charge should remain if there is at least some evidence as to each element of a *prima facie* case. *State v. Vasky,* 218 *N.J.Super.* 487, 528 *A.*2d 61 (App.Div.1987); *State v. Butterfoss,* 234 *N.J.Super.* 606, 561 *A.*2d 312 (Law.Div.1988). The insufficiency of the evidence must be "palpable". "The evidence need not be sufficient to sustain a conviction, but merely sufficient to determine that there is *prima facie* evidence to establish that a crime has been committed." *State v. N.J. Trade Waste Ass'n.,* 96 *N.J.* 8, 27, 472 *A.*2d 1050 (1984). The Hudson County Grand Jury that heard this case was fairly charged on the elements of robbery. The grand jury chose to indict Mr. Planes on a charge of robbery. It is not for this court to supplant the fact-finding mission of the grand jury. Giving the State the benefit of all reasonable inferences which flow from these facts, this court is not prepared to dismiss

the charge of robbery. *State v. N.J. Trade Waste Ass'n., supra; State v. Reyes,* 50 *N.J.* 454, 236 *A.*2d 385 (1967).

Accordingly, the Defendant's motion to dismiss the count of robbery is **denied.**