689 A.2d 801

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. TEDDY ERNEST WOODWARD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 20, 1997—Decided March 10, 1997.

Before Judges SHEBELL and BAIME.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Mark H. Friedman*, Assistant Deputy Public Defender, of counsel and on the letter-brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Linda K. Danielson*, Deputy Attorney General, of counsel and on the letter-brief).

The opinion of the court was delivered by

BAIME, J.A.D.

At issue is whether an offer by a candidate for public office to withdraw his candidacy and endorse the incumbent office holder in return for money and a public job violates our bribery statutes under the Code of Criminal Justice. We hold that such conduct is violative of *N.J.S.A.* 2C:27–2a and d and *N.J.S.A.* 2C:27–6b.

The salient facts are not in dispute. The Hudson County grand jury returned a multi-count indictment charging defendant with

violating *N.J.S.A.* 2C:27–2a and d and *N.J.S.A.* 2C:27–6b. The gist of the charges was that in the course of an election campaign for the Jersey City Council, defendant offered to withdraw from the race and endorse Jaime Vasquez, the incumbent office holder, in exchange for money and a public job. Following the denial of his motion to dismiss the indictment, defendant entered a conditional plea of guilty to third degree bribery under *N.J.S.A.* 2C:27–2a and was sentenced to a probationary term of two years and 100 hours of community service.[1] This appeal followed.

Before examining the statutes allegedly violated, we quickly reject defendant's argument that the evidence presented to the grand jury was insufficient to establish probable cause. The evidence clearly showed that defendant offered to withdraw from the race and endorse another candidate in return for money and municipal employment. We find no insufficiency in the evidence presented. *See State v. McCrary,* 97 *N.J.* 132, 142, 478 *A.*2d 339 (1984); *State v. New Jersey Trade Waste Ass'n,* 96 *N.J.* 8, 27, 472 *A.*2d 1050 (1984); *State v. Moscato,* 253 *N.J.Super.* 253, 260, 601 *A.*2d 743 (App.Div.), *certif. denied,* 130 *N.J.* 6, 611 *A.*2d 646 (1992); *State v. Vasky,* 218 *N.J.Super.* 487, 490–91, 528 *A.*2d 61 (App.Div. 1987).

We come then to the question of whether a candidate's offer to withdraw from an election and endorse his incumbent opponent in exchange for a benefit or compensation is a crime. The first count of the indictment charged defendant with soliciting "money over $200, as consideration for [his] decision, opinion, recommendation, vote or exercise of discretion" in a public election. We begin with *N.J.S.A.* 2C:27–2a which provides that "[a]

---

[1] The plea agreement was articulated at the plea proceedings with disarming ease, but we find it somewhat ambiguous. Defendant reserved his right to appeal the denial of his motion to dismiss the indictment. It is unclear whether the agreement envisioned the plea would be abrogated if the appellate court found any one of the three counts of the indictment to be fatally flawed or only the count to which defendant pled guilty. Because of this ambiguity, we analyze each count of the indictment to determine whether it properly charges a crime.

person is guilty of bribery if he directly or indirectly offers ... to confer upon another, or solicits, accepts or agrees to accept from another: [a]ny benefit as consideration for a decision, opinion, recommendation, vote or exercise of discretion of a public servant, party official or voter on any public issue or in any public election." Under *N.J.S.A.* 2C:27–1a, the word " '[b]enefit' means [any] gain or advantage, or anything regarded by the beneficiary as [a] gain or advantage, including a pecuniary benefit or a benefit to any other person or entity in whose welfare he is interested." This broad definition surely includes the acceptance of money or the appointment to a public job.

■ The issue, therefore, is whether an offer to withdraw and endorse an opponent constitutes "a decision, opinion, recommendation, vote or exercise of discretion" by a "voter on any public issue or in any public election" within the meaning of *N.J.S.A.* 2C:27–2a. We are satisfied that, at the very least, an offer to endorse an opposing candidate is a "decision, opinion [or] recommendation" of a voter within the intendment of the statute. Defendant contends that it is common practice for a candidate to withdraw and endorse his opponent based upon an implied promise that he will later be considered for appointment to a public office. We offer no view on the subject. The case before us involves a naked offer to endorse an opponent in exchange for money. Such conduct constitutes a perversion of the electoral process and a violation of our bribery statutes.

■ We also find that defendant's conduct violated *N.J.S.A.* 2C:27–2d which provides in pertinent part that "[a] person is guilty of bribery if he directly or indirectly offers ... [a]ny benefit as consideration for the performance of official duties." The second count of the indictment alleged that defendant offered to withdraw from the election and support the incumbent council member in return for a promise of public employment. We hold that defendant's offer to withdraw his candidacy and endorse his opponent constituted an offer of a "benefit" in return for the incumbent's "performance of official duties," his appointment to a municipal job. Under this section, "the giving of a benefit in

exchange for even a lawful, required action" is a crime. Cannel, *New Jersey Criminal Code Annotated,* comment on *N.J.S.A.* 2C:27–2 (1997). Defendant's offer constituted a classic "trad[e] [of] a benefit for official action," a clear violation of the statute. *Ibid.*

Finally, we reject defendant's argument that he was improperly indicted for violating *N.J.S.A.* 2C:27–6b. That section states that "[a] person commits a crime if he, directly or indirectly, confers or agrees to confer any benefit not allowed by law to a public servant to influence the performance of his official duties." Defendant points to the fact that candidates often withdraw and endorse others and that such conduct does not constitute a "benefit not allowed by law." *Ibid.* While it is undoubtedly true that a candidate is free to withdraw his candidacy and support another, it is untrue that he may offer to do so in return for "money or other valuable consideration." *N.J.S.A.* 19:34–38e. Defendant's attempt to dissect his conduct into discrete episodic fragments in order to avoid the clear prohibition of the statute defies common sense. We conclude that defendant was properly charged with a violation of *N.J.S.A.* 2C:27–6b.

Affirmed.