934 A.2d 644 (2007)
396 N.J. Super. 392
STATE of New Jersey, Plaintiff-Respondent,
v.
Marcus CASSADY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 25, 2007.
Decided October 26, 2007.
*645 Yvonne Smith Segars, Public Defender, attorney for appellant (John Douard, Assistant Deputy Public Defender, of counsel and on the brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for respondent (Tracey L. O'Brien, Assistant County Prosecutor, of counsel and on the brief).
Before Judges COBURN, FUENTES and GRALL.
The opinion of the court was delivered by GRALL, J.A.D.
Defendant Marcus Cassady appeals from a final judgment of conviction and sentence. A jury found defendant guilty of two counts of second-degree robbery, N.J.S.A. 2C:15-1. The first victim was a teller in a bank, and the second victim was a salesman at a car dealership. The judge sentenced defendant to two consecutive ten-year terms of incarceration, eighty-five percent of both to be served without possibility of parole, and two three-year terms of parole supervision. See N.J.S.A. 2C:43-7.2. The judge also imposed a $200 VCCB assessment, a $150 SNSF assessment and a $30 LEOTEF penalty. On appeal, defendant challenges his conviction for robbery of the bank teller and contends that his consecutive, maximum sentences are excessive. We reverse and remand his conviction for robbery of the bank teller and remand his sentence for robbery of the car salesman.
On February 2, 2004, defendant took a cab to the Cape Savings Bank in Atlantic City and asked the driver to wait. Inside defendant handed the teller a withdrawal slip in the amount of $5000. The teller asked defendant if he had an account, and he said "No." She told him she could not give him the money. Defendant responded, "Please hurry up. I know how to get it." The teller hesitated, defendant raised his voice and repeated his demand and warning: "Hurry up. I know how to get it." He then jumped over a bullet-proof *646 glass barrier and onto the counter on the opposite side.
When the teller realized that defendant was going to come over the glass barrier, she dropped the keys to the cash drawer, ran to an adjacent room and locked the door. Although defendant did not touch or threaten her at any point, she was afraid and thought that defendant might kill her or do something else. Defendant took approximately $2500 and left the bank.
The cab driver, who had awaited defendant's return, took him to a car dealership. Defendant went in and took a car key from the desk of Eric Santana, a salesman who was using the telephone. By the time defendant found the car that matched the key among those in the lot, Santana was outside. He stepped between the door and the driver's seat in an effort to prevent defendant from closing the car door. Defendant put the car in reverse. A struggle ensued. Santana managed to remove the key and leave the car. Defendant grabbed him by the shirt and tie, but Santana was able to retreat to the showroom. Defendant followed and demanded the key. They struggled again when defendant tried to leave the showroom and Santana tried to block his exit. By the time the police arrived, Santana had defendant pinned against a car in the lot.
Santana had a mark on his neck, which defendant referred to as a "tatoo." He also had a red mark on his forehead. Defendant had $2310 in cash. The cab driver and several bank tellers identified him. Defendant did not testify at trial.
Defense counsel requested a jury charge on lesser crimes included in robbery with respect to defendant's conduct in the bank. Considering defendant's demand for money and his climbing over the glass barrier from the perspective of the teller, the judge determined that there was no rational basis for a charge other than robbery.
Defendant raises the following issues on appeal:
I. THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT ACQUITTING DEFENDANT OF ROBBERY ON COUNT ONE, AND COMPOUNDED THE ERROR BY REFUSING TO INSTRUCT THE JURY ON THEFT FROM THE PERSON AS A LESSER-INCLUDED OFFENSE. (U.S. CONST. AMENDS. V, VI AND XIV; N.J. CONST. (1947), ART. I, ¶¶ 1, 9 AND 10).
A. [The judge] committed plain error in not acquitting Mr. Cassady of robbery. [Not raised below.]
B. [The judge] declined to charge the jury with the lesser included offense of theft from the person, violating defendant's right to due process.
II. THE IMPOSITION OF TWO MAXIMUM CONSECUTIVE SENTENCES FOR SECOND-DEGREE ROBBERIES THAT WERE NOT EXTRAORDINARY WAS MANIFESTLY EXCESSIVE, UNDULY PUNITIVE AND NOT IN CONFORMANCE WITH THE CODE OF CRIMINAL JUSTICE.
Defendant's claim that the evidence is inadequate to support his conviction for robbery of the bank teller lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). In addressing this claim, we must view the State's evidence, and all the reasonable inferences available from that evidence, in the light most favorable to the State, and we must determine whether the evidence, so viewed, is adequate to permit *647 a reasonable juror to find each element of the offense beyond a reasonable doubt. See State v. Brown, 80 N.J. 587, 591, 404 A.2d 1111 (1979); State v. Reyes, 50 N.J. 454, 459, 236 A.2d 385 (1967); see also Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560, 573 (1979); State v. Spivey, 179 N.J. 229, 236, 844 A.2d 512 (2004).
The State may establish robbery by proof that the defendant, "in the course of committing a theft[,] . . . threaten[ed] another with or purposely put[] him in fear of immediate bodily injury." N.J.S.A. 2C:15-1a(2). The evidence of defendant's course of conduct in the bank includes his submission of a withdrawal slip to a teller in a bank in which he had no account, his demand for the teller to hurry up, the threat implicit in his statement that he knew how to get the money and his theft of more than $2000. This evidence and the inferences it provides are more than adequate to permit the jurors to find, beyond a reasonable doubt, that defendant threatened the teller or purposely put her in fear of immediate bodily injury.
The question raised by the judge's denial of defense counsel's request for a jury instruction on the lesser-included crime of theft at the bank, however, is not whether the evidence was adequate to permit a finding that defendant committed robbery. The standard is different: "whether the evidence presents a rational basis on which the jury could acquit the defendant of the greater charge and convict the defendant of the lesser." State v. Brent, 137 N.J. 107, 117, 644 A.2d 583 (1994) (emphasis added). The judge may not reject the request for a charge on a lesser crime because he or she concludes the jury could find guilt and is not "likely" to accept defendant's view of the evidence. State v. Savage, 172 N.J. 374, 397, 799 A.2d 477 (2002). The judge must consider whether the jury would "have a rational basis" for accepting defendant's claim that an element unique to the greater crime is not established by the evidence but the elements of the lesser crime are. Ibid.; N.J.S.A. 2C:1-8e.
The distinct standards require caution in relying upon prior precedents. A holding that the evidence is adequate to support a finding of each element of robbery simply means that the evidence permits a finding of guilt. It says nothing about whether the same evidence could also rationally support a finding that the State failed to establish an element required for conviction of robbery but not required for conviction of theft. See, e.g., State v. Samuels, 189 N.J. 236, 914 A.2d 1250 (2007) (concluding that evidence was adequate to support a conviction for robbery but also concluding that a charge on the lesser crime of attempted robbery was required).
Defense counsel argued that in the absence of any direct threat to inflict immediate bodily injury or a gesture directly threatening such injury, the jurors could rationally conclude that defendant did not have the purpose required for conviction of robbery on these facts  i.e., a purpose to put the teller in fear of immediate bodily injury. See N.J.S.A. 2C:15-1a(2); State v. Smalls, 310 N.J.Super. 285, 292, 708 A.2d 737 (App.Div.1998) (discussing purpose required in the absence of direct threat); State v. Planes, 274 N.J.Super. 190, 196, 643 A.2d 658 (Law Div.1994) (same); cf. State v. Sewell, 127 N.J. 133, 147-49, 603 A.2d 21 (1992) (concluding that proof of knowledge, which requires proof of the defendant's practical certainty that a result will flow from the conduct, is sufficient where a robbery charge is based on infliction of bodily injury).[1] We agree.
*648 In order to find that it was defendant's purpose to put the teller in fear of immediate bodily injury, the jurors had to conclude that it was his "conscious object" to put the teller in "fear of immediate bodily injury." N.J.S.A. 2C:2-2b(1); N.J.S.A. 2C:15-1a(2). Defendant said, "Hurry up. I know how to get it." He then climbed over a glass divider. By the time he was on the teller's side of that divider, she had moved away. She testified that defendant did not threaten her but that she was afraid that he would harm her. This evidence provided a rational basis for the jurors to conclude that defendant's purpose was consistent with his statement and conduct  to inform the teller that if she did not give him the money he would take it but not to compel her to turn the money over out of fear of immediate bodily injury. Where, as here, the defendant requests the instruction on a lesser-included offense, the question is not whether the inference the defendant suggests is the most likely but whether there is a rational basis for that inference.
We conclude that it was error to deny defense counsel's request for a charge on the lesser-included crime of theft. The evidence afforded a rational basis for acquittal of robbery, based on the absence of the requisite purpose to put the teller in fear of immediate bodily injury, and conviction of theft, based on defendant's taking of the money. Accordingly, defendant's conviction for robbery of the bank teller must be reversed and remanded for further proceedings. See Savage, supra, 172 N.J. at 397-98, 799 A.2d 477.
Our reversal of defendant's conviction for robbery of the bank teller makes it unnecessary to consider his objection to the sentence he received for that crime and the judge's decision to impose a consecutive sentence for the robbery at the car dealership. We must consider, however, whether his ten-year sentence for the second robbery is excessive.
In reviewing a sentence, this court may not "substitute its judgment for that of the trial court." State v. Natale, 184 N.J. 458, 489, 878 A.2d 724 (2005). Nonetheless, appellate review of sentences "play[s] `a central role' in carrying out the Code's goals of `promoting uniformity and consistency' in sentencing." Id. at 488-89, 878 A.2d 724 (quoting State v. Jarbath, 114 N.J. 394, 400, 555 A.2d 559 (1989)). Thus, we are "bound to affirm a sentence, even if [we] would have arrived at a different result, as long as the trial court properly identifies and balances aggravating and mitigating factors that are supported by competent credible evidence in the record," State v. O'Donnell, 117 N.J. 210, 215, 564 A.2d 1202 (1989), but cannot affirm a sentence that is based on a misapplication of the law or factual findings not supported by the record.
At the time of sentencing, defendant had pending in the State of Florida one charge of grand theft and five charges based on worthless checks. He had one prior conviction in this state for receiving stolen property. That conviction was entered on January 30, 2004, and defendant was sentenced to time served, 160 days, and a two-year term of probation. The robberies with which defendant was charged in this case were committed on February 2, 2004, within days of his release on probation.
*649 The trial judge found the following aggravating factors: a risk that defendant will commit another offense, N.J.S.A. 2C:44-1a(3), based on the fact that defendant committed these crimes three days after his release from jail on probation; the extent of defendant's criminal record and the seriousness of the offense, N.J.S.A. 2C:44-1a(6), based on his single prior conviction and the pending charges in Florida; the need to deter, N.J.S.A. 2C:44-1a(9), based on defendant's commission of this crime while on probation and the general need to deter crime sprees involving the use of force and intimidation in committing robbery. The judge described defendant's criminal record as "a strong aggravating factor."
The judge found no mitigating factors. On the ground that "in finding the defendant guilty of robbery, the jury found that defendant knowingly caused or threatened serious bodily harm," the judge rejected defendant's claims that his conduct neither caused nor threatened serious harm and that he did not contemplate that his conduct would cause such harm. See N.J.S.A. 2C:44-1b(1)-(2) (stating these mitigating factors).
It is not our role to "second-guess" a trial court's finding of sufficient facts to support an aggravating or mitigating factor, but there must be some support in the record and some recognition of judicial decisions construing the factors. State v. Carey, 168 N.J. 413, 426-27, 775 A.2d 495 (2001); see Natale, supra, 184 N.J. at 489, 878 A.2d 724.
The trial court's finding of a "strong" aggravating factor based on "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses," N.J.S.A. 2C:44-1a(6), is not supported. Defendant had one prior conviction and several pending charges. Charges cannot be considered as the equivalent of convictions. See State v. Green, 62 N.J. 547, 571-72, 303 A.2d 312 (1973) (discussing the uses of prior arrests and pending charges that are permissible); State v. Walters, 279 N.J.Super. 626, 633-34, 653 A.2d 1176 (App.Div.) (relating the teachings of Green to consideration of the aggravating and mitigating factors enumerated in N.J.S.A. 2C:44-1), certif. denied, 141 N.J. 96, 660 A.2d 1195 (1995).
The reason the judge gave for rejecting mitigating factors based on the fact that defendant did not cause or contemplate serious harm, N.J.S.A. 2C:44-1b(1)(2), is similarly unsupported by the record. The judge rejected these factors on the ground that the jury found "that defendant knowingly caused or threatened serious bodily harm," but the jury was not even asked to consider "serious bodily harm" and made no relevant finding.
Because the finding of an aggravating factor based on defendant's criminal history and the reason given for rejecting mitigating factors based on harm caused and contemplated are not supported by the record, we remand for reconsideration of defendant's sentence on this conviction.
Reversed and remanded.
FUENTES, J.A.D., dissenting.
I concur with the decision of my colleagues in the majority to affirm defendant's conviction of second-degree robbery in the case involving the automobile dealership. I also agree that defendant's sentence must be vacated, and the matter remanded for re-sentencing consistent with the mandate of the majority opinion.
With respect to the crime committed against the bank teller, the majority concludes that the trial court committed reversible error when it denied defendant's application to submit for the jury's consideration the crime of third-degree theft, as *650 a lesser included offense of second-degree robbery. I disagree and therefore respectfully dissent.
As my colleagues in the majority correctly note, the applicable standard of review is well-settled. A lesser-included offense must be submitted to the jury when there is a "rational basis" for a conviction of that crime. N.J.S.A. 2C:1-8e; see State v. Mauricio, 117 N.J. 402, 418, 568 A.2d 879 (1990). This is a low threshold. "[I]f on the evidence it would not be idle to have the jury decide" whether defendant had committed the lesser-included offense, it is error not to charge that offense. State v. Crisantos, 102 N.J. 265, 278, 508 A.2d 167 (1986) (quoting State v. Sinclair, 49 N.J. 525, 540, 231 A.2d 565 (1967)). As long as the proofs leave room for a reasonable dispute, the lesser-included instruction should be given.
Defendant's second-degree robbery conviction was predicated on a theory of culpability through which defendant, "while in the course of committing a theft," threatened the bank teller, or "purposely" put her "in fear of immediate bodily injury." N.J.S.A. 2C:11-1a defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." By contrast, a person commits a theft if he unlawfully takes moveable property of another with the purpose of depriving him thereof. N.J.S.A. 2C:20-3.
Against this backdrop, the majority holds that the following governing facts provide a rational basis from which a reasonable jury could find that defendant did not threatened the bank teller, or purposely put her in fear of immediate bodily injury. N.J.S.A. 2C:15-1a(2).
On February 2, 2004, defendant took a cab to the Cape Savings Bank in Atlantic City and asked the driver to wait. Inside defendant handed the teller a withdrawal slip in the amount of $5000. The teller asked defendant if he had an account, and he said "No." She told him she could not give him the money. Defendant responded, "Please hurry up. I know how to get it." The teller hesitated, defendant raised his voice and repeated his demand and warning: "Hurry up. I know how to get it." He then jumped over a bullet-proof glass barrier and onto the counter on the opposite side.

When the teller realized that defendant was going to come over the glass barrier, she dropped the keys to the cash drawer, ran to an adjacent room and locked the door. Although defendant did not touch or threaten her at any point, she was afraid and thought that defendant might kill her or do something else. Defendant took approximately $2500 and left the bank.
[State v. Cassady, Op. at 395-96, 934 A.2d at 645-46 (emphasis added).]
It bears emphasis that when fear is the basis of the robbery, "[n]o special words or conduct are required to constitute a threat or to purposely put someone in fear of immediate bodily injury." State ex rel. L.W., 333 N.J.Super. 492, 497, 755 A.2d 1245 (App.Div.2000). Immediate assaultive conduct during the commission or attempted commission of a theft is sufficient to elevate a third-degree theft to a second-degree robbery. State v. Lopez, 187 N.J. 91, 98-99, 900 A.2d 779 (2006).
The focus of the analysis is not on the victim, but on the actions and purpose of the defendant. Thus, whether the bank teller felt afraid after defendant's words and actions is not the question. As we noted in State v. Smalls, 310 N.J.Super. 285, 292, 708 A.2d 737 (App.Div.1998): "A cautious person . . . may exhibit fear in many settings that are not criminal. The focus of the robbery is on the conduct of the accused, rather than on the characteristics of the victim."
*651 Thus, as the following facts in Smalls illustrate, a subjective belief by the victim that defendant's conduct was threatening or assaultive was legally insufficient to meet the "rational basis" threshold required under the statute:
Here, the victim had conversations with first [defendant's companion] and, later, after Smalls arrived, with Smalls. At no time did either defendant threaten the victim. Although the conduct of [defendant's companion] in holding his newspaper and referring to rent receipts made the victim believe [the companion] may have had a mental problem, there was no evidence that either defendant purposely put her "in fear of immediate bodily injury." N.J.S.A. 2C:15-1a(2). [The companion] had requested help from the victim while Smalls later chided the victim for not helping [his companion]. Eventually, the two men were in front of and behind the victim. To be sure, no special words and/or conduct are required to make out a threat or to purposely put someone in fear of immediate bodily injury, but the totality of the circumstances presented must be considered. While there may be circumstances where conduct alone, without threats by one or more persons, may be sufficient to justify a conclusion that the persons purposely placed the victim in fear of immediate bodily injury, this is not such a case. We leave that to another day.
[Ibid.]
In sharp contrast to the facts in Smalls, defendant here demanded money in a loud and intimidating voice. When this proved unsuccessful, defendant immediately jumped over a bullet-proof glass partition designed to provide a measure of safety and protection to bank personnel handling money; all this speaks of only one rational construction: defendant's purpose was to place the bank teller in fear of immediate bodily injury in order to carry out or otherwise facilitate the commission of the theft.
Unlike a situation where defendant could obtain access to the money without removing its apparent guardian, (such as reaching into an open cash-drawer in a supermarket checkout), defendant here needed both: (1) to overcome the glass partition separating the public and private space in the bank; and (2) to chase away the teller who was standing between him and the bank's money. The conduct was thus unambiguously threatening and palpably egregious. This was a bank robbery: plain and simple. In my view, no rational jury could come to any other conclusion.
In this light, I would affirm the trial court's ruling rejecting defendant's application to charge third-degree theft as a lesser-included offense of second-degree robbery. Because the majority concluded otherwise, I respectfully dissent.
NOTES
[1] In this case, there was no evidence of an actual threat to inflict immediate bodily injury either by words or menacing gesture. Accordingly, the question was whether defendant "purposely put [the teller] in fear of immediate bodily injury." N.J.S.A. 2C:15-1a(2).