# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3517-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.E.E.,[1]

     Defendant-Appellant.

_____

Argued February 6, 2024 – Decided March 26, 2024

Before Judges Enright and Paganelli.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 22-02-0196.

Esther Yongjoo Kim, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Esther Yongjoo Kim, of counsel and on the briefs).

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County

_____

[1] We use initials to protect H.E.'s privacy. See Rule 1:38-3(c)(9) and Rule 1:38-3(c)(12).

Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

PER CURIAM

On leave granted, Defendant L.E.E. appeals from a June 8, 2023 order denying his motion to dismiss the first count of a five-count indictment. Since we conclude the trial judge did not abuse his discretion in denying the motion, we affirm the order.

We glean the facts from the motion record. On February 3, 2022, the State presented two complaints to the grand jury. The first complaint related to an alleged incident of sexual assault and endangering the welfare of H.E. that occurred in September 2021. The second complaint related to an alleged incident of aggravated sexual assault, sexual assault contact, and endangering the welfare of H.E. that occurred in November 2018.

Detective Yosselyn Barrios was summoned to testify before the grand jury. Detective Barrios testified that in October 2021, H.E.'s mother reported to the Harrison Police Department that H.E., then age eight, had disclosed to her that she was sexually assaulted by defendant.

Barrios further testified that she interviewed H.E. in November 2021. According to Barrios, H.E. stated that in September 2021, defendant went to her home and while in the living room, picked H.E. up and placed his hands

2

underneath H.E.'s vagina over her clothes. H.E. stated she ran and told her mother. Her mother corroborated the information.

Further, Barrios testified H.E.'s mother advised her that about a week after the September 2021 incident, H.E. told her something was wrong. H.E. told her mother that in 2018, defendant "touched H.E.'s breasts with his hands on one occasion" and "on at least one occasion . . . placed his penis inside her vagina." H.E. was six years old in 2018.

The grand jury returned a five-count indictment, and in the first count, charged defendant with aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), upon six-year-old H.E., specifically by knowingly penetrating H.E.'s vagina with his penis.

Not disclosed during the grand jury proceeding was that during Barrios's interview of H.E., H.E. reenacted the 2018 incident using two dolls. During the interview, H.E. took off all the female doll's clothes and took off only the shirt of the male doll, leaving on the male doll's pants. H.E. rolled up the pant legs of the male doll stating, "he put his pants like this, up a bit," indicating that the waistband of defendant's pants was at his waist. H.E. could not remember if defendant took his pants off. H.E. reenacted the 2018 incident by sitting the male doll on top of the female doll with the two dolls facing each other.

Also not disclosed during the grand jury proceeding was H.E.'s interview at Audrey Hepburn Children's Hospital (AHCH) in December 2021, where she was questioned by an evaluator. H.E. was asked what a male does with his genitalia; H.E. answered, "they pee," and indicated that a man would put his genitalia in the toilet. H.E. also denied having seen a male's genitalia at any time.

Defendant moved to dismiss count one of the indictment for the State's failure to present the statements H.E. made to Barrios and the AHCH evaluator to the grand jury. Defendant argued the statements were exculpatory because: (1) H.E.'s re-enactment with the dolls revealed penetration was "impossible" because defendant's "pants never came off the doll" and there is "no allegation anywhere in the evidence that his fly was down, that he lowered his waistband, none of it"; and (2) H.E.'s statement to AHCH that she "never saw male genitalia" could not be accurate, considering how she simulated the sexual assault using AHCH's dolls. Therefore, relying on Hogan,[2] defendant argued the State was hiding the truth and the indictment should be dismissed.

The judge held oral argument. In his oral opinion, he stated "it [wa]s certainly conceivable that [defendant's] penis was exposed through his pants

---

[2] State v. Hogan, 144 N.J. 216 (1996).

with his zipper down and the waistband of the pants remain[ed] at waist level," the judge rejected defendant's argument "that [defendant] could not have penetrated H.E. with his penis presumably because his pants never came down from the waist." Moreover, in terms of H.E. denying having seen male genitalia, the judge noted "it's certainly conceivable that sexual penetration could occur regardless of whether or not the victim saw the defendant's penis." Thus, the court held H.E.'s statements "[we]re not clearly contradictory to the sexual penetration element of [N.J.S.A. 2C:14-2(a)(1),] as sexual penetration could have occurred regardless of whether defendant took his pants off or whether H.E. saw [his] penis." Accordingly, the trial judge denied defendant's motion to dismiss count one of the indictment.

On appeal, defendant presents the following arguments for our consideration:

> THE TRIAL COURT ABUSED ITS DISCRETION BY CREATING FACTS TO FIND THE EVIDENCE WITHHELD FROM THE GRAND JURY IS NOT CLEARLY EXCULPATORY.
>
> THE TRIAL COURT SHOULD HAVE DISMISSED THE LUNSFORD[3] CHARGE FOR FAILURE TO PRESENT CLEARLY EXCULPATORY EVIDENCE.

---

[3] Jessica Lunsford Act—"imposes a term of incarceration of twenty-five years to life, with a period of parole ineligibility of at least twenty-five years, on an

H.E.'S STATEMENTS THAT SHE WAS TOUCHED DIRECTLY CONTRADICTS AN ELEMENT OF THE LUNSFORD CHARGE WHICH REQUIRES PENETRATION, AND SHOULD HAVE BEEN PRESENTED TO THE GRAND JURY.

H.E.'S STATEMENTS ARE CLEARLY EXCULPATORY BECAUSE SHE IS MORE RELIABLE AND CREDIBLE THAN HER MOTHER[,] WHO WAS NOT AN EYEWITNESS TO THE INCIDENT.

More specifically, defendant contends: (1) the trial court did not base its decision on evidence in the record, but instead, had to "imagine" defendant was wearing pants with zippers and the zipper was down to expose his penis; and (2) "the only evidence of penetration that the grand jury heard was [H.E.'s] mother's purported re-telling of her unrecorded conversation with H.E., which took place a month before the mother made a police report" and H.E. "did not claim that any penetration happened" to Detective Barrios and told AHCH "that she had never seen male genitalia."

We review "[a] trial court's denial of a motion to dismiss an indictment

_____

offender convicted of an aggravated sexual assault in which the victim is less than thirteen years old." State v. A.T.C., 239 N.J. 450, 455 (2019) (citing N.J.S.A. 2C:14-2(a)(1)).

. . . for abuse of discretion." State v. Tucker, 473 N.J. Super. 329, 341 (App. Div. 2022) (quoting State v. Twiggs, 233 N.J. 513, 544 (2018)). "We will not disturb the denial of such a motion 'unless [the judge's discretionary authority] has been clearly abused.'" State v. Saavedra, 433 N.J. Super. 501, 514 (App. Div. 2013) (alteration in the original) (quoting State v. Warmbrun, 277 N.J. Super. 51, 60 (App. Div. 1994)).

"[T]he grand jury must determine whether the State has established a prima facie case that a crime has been committed and that the accused has committed it." Hogan, 144 N.J. at 227 (citations omitted). "The grand jury's role is not to weigh evidence . . . but rather to investigate potential defendants and whether a criminal proceeding should be commenced." Id. at 235 (citing U.S. v. Calandra, 414 U.S. 338, 343-44 (1974)). "Credibility determinations and resolution of factual disputes are reserved almost exclusively for the petit jury." Ibid. (citation omitted). "In seeking an indictment, the prosecutor's sole evidential obligation is to present a prima facie case that the accused committed the crime." Ibid. "A grand jury may return an indictment based largely or wholly on hearsay testimony." State v. Vasky, 218 N.J. Super. 487, 491 (App. Div. 1987) (citing State v. Thrunk, 157 N.J. Super. 265, 278 (App. Div. 1978); State v. Farrante, 111 N.J. Super. 299, 3034-06 (App. Div. 1970)).

"Once the grand jury has acted, an 'indictment should be disturbed only on the clearest and plainest ground,' and only when the indictment is manifestly deficient or palpably defective." Hogan, 144 N.J. at 228-29 (internal quotation and citations omitted). However, New Jersey has "demonstrated a greater willingness to review grand jury proceedings where the alleged deficiency in the proceedings affects the grand jurors' ability to make an informed decision whether to indict." Id. at 229.

Under Hogan, "[a] grand jury cannot be denied access to evidence that is credible, material, and so clearly exculpatory as to induce a rational grand juror to conclude that the [S]tate has not made out a prima facie case against the accused." Id. at 236. A prosecutor's duty to present exculpatory evidence to a grand jury only arises "'in the rare case in which . . . evidence . . . both directly negates the guilt of the accused and is clearly exculpatory'; the evidence must 'squarely refute[] an element of the crime.'" State v. Saavedra, 222 N.J. 39, 63 (2015) (quoting Hogan, 144 N.J. at 237) (alteration in the original). The trial court should "view[] the evidence and rational inferences drawn from that evidence in the light most favorable to the State." Id. at 56-57.

Defendant's argument the judge "imagined" the facts is unavailing. Initially, we note during argument, it was defendant, not the judge, that

8

introduced the concept of defendant having a fly or zipper. Defendant raised there was "no allegation anywhere in the evidence that his fly was down." Nonetheless, in discussing the zipper, the judge merely highlighted an alternative to defendant's argument. The judge did not imagine facts but instead, as he was required to do, viewed the evidence and made rational inferences in the light most favorable to the State. See Saavedra, 222 N.J. at 56-57.

Further, neither Detective Barrios's nor AHCH's interviews were exculpatory. In neither interview did H.E. "directly negate" or "squarely refute" the penetration element of sexual assault, N.J.S.A. 2C:14-2. Her silence on the penetration element in those interviews does not rise to the level of negating or refuting the element.

Lastly, defendant asserts the trial court erred in failing to dismiss the Lunsford charge because "[t]he only evidence of penetration that the grand jury heard was the mother's purported re-telling of her unrecorded conversation with H.E., which took place an entire month before the mother made a police report." However, this argument goes to the weight of evidence, which is not part of the grand jury's role, Hogan, 144 N.J. at 235; and, even if the mother's statement is considered hearsay, it would support the indictment, Vasky, 218 N.J. Super. at 491.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10