**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1321-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES A. MICHAUD,

     Defendant-Appellant.

_____

Submitted January 21, 2026 – Decided January 30, 2026

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 23-12-1482.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Zachary G. Markarian, Assistant Deputy Public Defender, of counsel and on the brief).

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Penelope Mary Way, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James Michaud appeals from his conviction, and challenges an October 31, 2024 order denying his motion to dismiss a one-count indictment for failure to notify, N.J.S.A. 2C:7-2d(1). We affirm.

I.

The facts pertinent to defendant's motion are summarized from the grand jury proceeding, during which the State presented testimony from one witness, Secaucus Police Department Detective Kristen Bronowich.

Detective Bronowich testified that on August 22, 2023, Detective Sean Egan of the Secaucus Police Department received a report from Integrity House that on August 2, 2023, defendant had left their recovery program where he had been residing. Detective Bronowich further explained that due to a 1999 conviction, defendant was subject to Megan's Law registration requirements. Lastly, she testified that defendant had failed to properly notify law enforcement of his whereabouts and did not re-register, as required, by Megan's Law.

After the prosecutor concluded questioning Bronowich, a grand juror asked her if defendant had not checked in or registered since August 2, 2023, and she replied:

> So, the defendant in this matter is a registered sex offender and he was living in Secaucus at the Integrity House. Based on the law, you're supposed to notify us within ten days of you leaving so we can clear you from

our system and you could re-register in your new facility. He failed to do that. He left prior to letting us know. He absconded from Integrity House; therefore, he did not notify us within the proper amount of time. So, we had no idea he left and he was supposed to re-register.

The grand jury returned the single-count indictment against defendant.

Relying on State v. Vasky, 218 N.J. Super. 487, 491 (App. Div. 1987), defendant moved to dismiss the indictment. Defendant argued the indictment was based on hearsay and that Detective Bronowich lacked personal knowledge. After considering the written submissions and arguments of counsel, the motion judge denied defendant's motion to dismiss the indictment. The judge reasoned that:

> The charge [d]efendant was indicted for in this case is readily distinguishable from the third-degree theft charge that Vasky remanded for further findings. In this case, Det. Bronowich presented evidence to the grand jury as to each and every element of the charged offense. Also, Det. Egan who investigated the underlying offense had personal knowledge as to all the necessary elements. In Vasky, neither the witness who testified before the grand jury nor the "inspectors" who reported it had personal knowledge of the value of the stolen fixtures. Therefore, unlike the circumstances of Vasky, this [c]ourt finds that the statements made by Det. Bronowich before the grand jury were either based on personal knowledge or supported by personal knowledge.

3

The judge then determined the State's use of hearsay testimony and other evidence, which may be inadmissible at trial, did not warrant dismissal of the indictment. The judge also found Detective Bronowich's testimony did not subvert the function of the grand jury.

After denial of his motion to dismiss the indictment, defendant entered a guilty plea and was sentenced to time served. Defendant expressly reserved his right to appeal the denial of his motion.

In his sole argument on appeal, defendant contends:

> THE INDICTMENT MUST BE DISMISSED BECAUSE THE STATE DID NOT ESTABLISH THAT ANY PERSON HAD PERSONAL KNOWLEDGE OF THE FACTS FORMING THE BASIS FOR THE CHARGE.

II.

We review a trial court's denial of a motion to dismiss an indictment for abuse of discretion. State v. Bell, 241 N.J. 552, 561 (2020) (quoting State v. Twiggs, 233 N.J. 513, 44 (2018)). We will find an abuse of discretion only where a "'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Reyes-Rodriguez, 480 N.J. Super. 526, 548 (App. Div. 2025) (quoting State v. Chavies, 247 N.J. 245, 257 (2021)). "[A] functional approach to abuse of discretion

examines whether there are good reasons for an appellate court to defer to the particular decision at issue."  State v. R.Y., 242 N.J. 48, 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).  When a trial court's decision turns on a legal question, we review that determination de novo, without deference to the trial court's interpretation.  Twiggs, 233 N.J. at 532.

III.

Under Article I, Paragraph 8 of the New Jersey Constitution "[n]o person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury."  The grand jury "operates as both a sword and shield[,]" State v. Shaw, 241 N.J. 223, 235 (2020), by "bring[ing] to trial those who are probably guilty" and "clear[ing] the innocent of baseless charges," In re Grand Jury Appearance Request by Loigman, 183 N.J. 133, 138 (2005).  To that end, grand juries "serve a dual purpose:  to determine if probable cause exists and to stand between the defendant and the power of the State and protect defendants from unfounded prosecutions."  Shaw, 241 N.J. at 238 (internal quotation marks omitted).  Accordingly, "[t]he grand jury has always occupied a high place as an instrument of justice in our system of criminal law. . . ."  State v. Del Fino, 100 N.J. 154, 165 (1985).

A-1321-24

To issue an indictment, a grand jury must be presented with sufficient evidence, viewed in the light most favorable to the State, establishing a prima facie case as to each crime. State v. Hogan, 144 N.J. 216, 227 (1996). In establishing a prima facie case, "the State may not deceive the grand jury or present its evidence in a way that is tantamount to telling the grand jury a 'half-truth.'" Id. at 236.

"Once a grand jury returns an indictment, a court should dismiss that indictment 'only on the clearest and plainest ground, and only when the indictment is manifestly deficient or palpably defective.'" Bell, 241 N.J. at 560 (quoting Twiggs, 233 N.J. at 531-32). Dismissal of an indictment is a "last resort because the public interest, the rights of victims and the integrity of the criminal justice system are at stake." State v. Williams, 441 N.J. Super. 266, 272 (App. Div. 2015) (quoting State v. Ruffin, 371 N.J. Super. 371, 384 (App. Div. 2004)).

We have long recognized that an indictment may be based largely or wholly upon hearsay testimony. State v. Ferrante, 111 N.J. Super. 299, 304-05 (App. Div. 1970). "An indictment may be based largely or wholly on hearsay and other evidence which may not be legally competent or admissible at the plenary trial . . . ." State v. Holsten, 223 N.J. Super. 578, 585 (App. Div. 1988) (quoting State v. Schmidt, 213 N.J. Super. 576, 584 (App. Div. 1986)), rev'd on

other grounds, 110 N.J. 258 (1988). Moreover, an indictment need not be dismissed where hearsay or even "highly prejudicial" evidence has been presented to the grand jury where the grand jury process itself has not been shown to be unfair. State v. Scherzer, 301 N.J. Super. 363, 428 (App. Div. 1997).

While "[a] grand jury may return an indictment based largely or wholly on hearsay testimony," an indictment is invalid where there is insufficient evidence before the grand jury to show that the facts testified to originated with a person who "had personal knowledge or experience." Vasky, 218 N.J. Super. at 491; see also State v. Jeannotte-Rodriguez, 469 N.J. Super. 69, 102 (App. Div. 2021).

Relying on Vasky, defendant contends that Detective Bronowich's affirmative response to the prosecutor's leading question, which asked whether an unnamed person at Integrity House had told a different police officer that Michaud had "absconded from the program[,]" was devoid of personal knowledge. Therefore, defendant believes the indictment must be dismissed. We are not persuaded.

The judge did not abuse his discretion in denying the motion to dismiss the indictment. In Vasky, we affirmed the dismissal of an indictment in a case

7

of a third-degree theft because "[t]here was no evidence that" the persons opining about the stolen items' value "had personal knowledge based on observation of [the items] or had the experience necessary to value them." Vasky, 218 N.J. Super. at 492. However, the facts of Vasky are readily and clearly distinguishable from those before the motion judge. While the building manager in Vasky had testified before the grand jury regarding the alleged theft, neither he, the tenant-victim, nor the inspectors who had surveyed the property could provide a sufficient explanation of the items' monetary value. Vasky, 218 N.J. Super. at 491-92. Rather, evidence concerning the property's value was composed only of the property manager's "testimony that that the inspectors reported a ball-park estimate of over $1,000 as far as he could recall." Id. at 491. When asked directly how much the property was worth, the manager responded that he did not know.

Based on our review of the record, we find no legal or factual basis to disturb the court's decision denying defendant's motion to dismiss the indictment. Detective Bronowich unequivocally testified that defendant had absconded from Integrity House and had failed to comply with the registration requirements of Megan's Law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1321-24